1    EMILY JOHNSON HENN (SBN 269482)
     ehenn@cov.com
2    COVINGTON & BURLING LLP
3    3000 El Camino Real
     5 Palo Alto Square, 10th Floor
4    Palo Alto, CA 94306-2112
     Telephone: + 1 (650) 632-4700
5    Facsimile: + 1 (650) 632-4800
6
     SIMON J. FRANKEL (SBN 171552)
7    sfrankel@cov.com
     MATTHEW Q. VERDIN (SBN 306713)
8    mverdin@cov.com
     JENNA L. ZHANG (SBN 336105)
9    jzhang@cov.com
     COVINGTON & BURLING LLP
10   Salesforce Tower
     415 Mission Street, Suite 5400
11   San Francisco, CA 94105-2533
     Telephone: + 1 (415) 591-6000
12   Facsimile: + 1 (415) 591-6091
13
     *Attorneys for Defendant*
14   *FullStory, Inc.*

15
                      **UNITED STATES DISTRICT COURT**
16
            **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
17

18
     AUDRA GRAHAM and STACY MOISE,               Civil Case No.: 3:20-cv-06903-LB
19   individually and on behalf of all others similarly
     situated,
20
                                                  **DEFENDANT FULLSTORY, INC.'S**
            Plaintiffs,                            **REPLY IN SUPPORT OF MOTION TO**
21                                                 **DISMISS PLAINTIFFS' SECOND**
                                                   **AMENDED COMPLAINT**
22          v.

23   NOOM, INC., and FULLSTORY, INC.,             Hearing Date:  July 29, 2021
                                                   Hearing Time: 9:30 a.m.
24          Defendants.
                                                   Honorable Laurel Beeler
25

26

27

28

**TABLE OF CONTENTS**

I.      INTRODUCTION ................................................................................................ 1

II.    ARGUMENT....................................................................................................... 1

      A.    The Second Amended Complaint Fails to State a Claim....................................... 1

            1.    Plaintiffs Fail to State an Eavesdropping Claim Under Section 631(a)...... 1

                    a)    FullStory Was Not a Third-Party Eavesdropper on Plaintiffs' Communications with Noom. ........................................................... 1

                    b)    The Eavesdropping Claim Fails to the Extent It Is Predicated on Non-Content Information............................................................ 6

                    c)    Noom's Privacy Policy Forecloses Plaintiffs' Claims.................... 7

            2.    Plaintiffs Lack Standing to Pursue—and Fail to State—a Claim for the Sale of Eavesdropping Software Under Section 635(a). ........................... 8

            3.    Plaintiffs Fail to State an Invasion of Privacy Claim Under the California Constitution...................................................................................... 9

            4.    Plaintiff Moise Lacks Standing To Bring a Claim for Injunctive Relief.. 11

      B.    FullStory Is Not Subject to Personal Jurisdiction In California. .......................... 12

III.   CONCLUSION................................................................................................. 14

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Arroyo v. AJU Hotel Silicon Valley LLC*,
   2021 WL 2350813 (N.D. Cal. Mar. 16, 2021)..............................................................................2, 5, 8

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)..............................................................................................................................2

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*,
   874 F.3d 1064 (9th Cir. 2017) ............................................................................................................12

*Bergstein v. Parmar*,
   2014 WL 12586073 (C.D. Cal. June 23, 2014) ..................................................................................13

*In re Carrier IQ, Inc.*,
   78 F. Supp. 3d 1051 (N.D. Cal. 2015) ..................................................................................................8

*Clapper v. Amnesty Int'l USA*,
   568 U.S. 398 (2013)............................................................................................................................11

*Daniels-Hall v. Nat'l Educ. Ass'n*,
   629 F.3d 992 (9th Cir. 2010) ..............................................................................................................10

*Davidson v. Kimberly-Clark Corp.*,
   889 F.3d 956 (9th Cir. 2018) ..............................................................................................................11

*In re Facebook, Inc. Consumer Priv. User Profile Litigation*,
   402 F. Supp. 3d 767 (N.D. Cal. 2019) ................................................................................................11

*In re Facebook, Inc. Internet Tracking Litig.*,
   956 F.3d 589 (9th Cir. 2020), *cert denied, sub nom. Facebook, Inc. v. Davis*, 141 S.
   Ct. 1684 (2021) .......................................................................................................................... *passim*

*In re Facebook Internet Tracking Litig.*,
   263 F. Supp. 3d 836 (N.D. Cal. 2017) ................................................................................................10

*Francis v. Api Tech. Servs., LLC*,
   2014 WL 11462447 (E.D. Tex. Apr. 29, 2014)...................................................................................13

*Goodman v. HTC Am., Inc.*,
   2012 WL 2412070 (W.D. Wash. June 26, 2012).................................................................................11

*In re Google Location Hist. Litig.*,
   2021 WL 519380 (N.D. Cal. Jan. 25, 2021) .......................................................................................11

*Graham v. Noom, Inc.*,
    --- F. Supp. 3d ----, 2021 WL 1312765 (N.D. Cal. Apr. 8, 2021) ................................................ *passim*

*Loomis v. Slendertone Distrib., Inc.*,
    420 F. Supp. 3d 1046 (S.D. Cal. 2019).............................................................................................13

*Lopez v. Apple, Inc.*,
    --- F. Supp. 3d ----, 2021 WL 823122 (N.D. Cal. Feb. 10, 2021).........................................................5

*Low v. LinkedIn Corp.*,
    900 F. Supp. 2d 1010 (N.D. Cal. 2012) ............................................................................................10

*Luis v. Zang*,
    833 F.3d 619 (6th Cir. 2016) ..............................................................................................................9

*Massie v. Gen. Motors Co.*,
    2021 WL 2142728 (E.D. Cal. May 26, 2021) ....................................................................................12

*Matera v. Google Inc.*,
    2016 WL 8200619 (N.D. Cal. Aug. 12, 2016) ....................................................................................8

*Michael v. New Century Fin. Servs.*,
    2015 WL 1404939 (N.D. Cal. Mar. 30, 2015).....................................................................................12

*MLC Intell. Prop., LLC v. Micron Tech., Inc.*,
    2019 WL 5269014 (N.D. Cal. Oct. 17, 2019)...................................................................................3, 5

*Oakley, Inc. v. Donofrio*,
    2013 WL 12126017 (C.D. Cal. June 14, 2013) .................................................................................13

*Opperman v. Path, Inc.*,
    205 F. Supp. 3d 1064 (N.D. Cal. 2016) ............................................................................................11

*Opperman v. Path, Inc.*,
    87 F. Supp. 3d 1018 (N.D. Cal. 2014) ..............................................................................................11

*Picot v. Weston*,
    780 F.3d 1206 (9th Cir. 2015) ...........................................................................................................13

*Revitch v. New Moosejaw, LLC*,
    2019 WL 5485330 (N.D. Cal. Oct. 23, 2019)..........................................................................4, 5, 7, 11

*Rogers v. Ulrich*,
    52 Cal. App. 3d 894 (1975) ................................................................................................................3

*S.D. v. Hytto Ltd.*,
    2019 WL 8333519 (N.D. Cal. May 15, 2019).........................................................................5, 12, 13

*Schwarzenegger v. Fred Martin Motor Co.*,
    374 F.3d 797 (9th Cir. 2004) ...................................................................................................14

*Sciacca v. Apple, Inc.*,
    362 F. Supp. 3d 787 (N.D. Cal. 2019) .....................................................................................11

*Smith v. LoanMe, Inc.*,
    11 Cal. 5th 183 (2021) ............................................................................................................8, 9

*Stomp, Inc. v. NeatO, LLC*,
    61 F. Supp. 2d 1074 (C.D. Cal. 1999) .....................................................................................13

*United States v. Eady*,
    648 F. App'x 188 (3d Cir. 2016) ...............................................................................................5

*United States v. Feathers*,
    2017 WL 783947 (N.D. Cal. Mar. 1, 2017)...............................................................................2

*In re Vizio, Inc. Consumer Priv. Litig.*,
    238 F. Supp. 3d 1204 (C.D. Cal. 2017) ...................................................................................11

*Walsh v. Kindred Healthcare*,
    2012 WL 13158077 (N.D. Cal. Aug. 6, 2012) ..........................................................................3

*In re Zynga Priv. Litig.*,
    750 F.3d 1098 (9th Cir. 2014) ..................................................................................................6

**Statutes**

Cal. Penal Code § 631................................................................................................... *passim*

Cal. Penal Code § 632.7.....................................................................................................5

Cal. Penal Code § 635.....................................................................................................8, 9

**Other Authorities**

Civil Local Rule 7-9.....................................................................................................1, 2, 3

*Personal Data By Session-replay Scripts*, Freedom to Tinker (Nov. 15, 2017),
    https://freedom-to-tinker.com/2017/11/15/no-boundaries-exfiltration-of-personal-
    data-by-session-replay-scripts...............................................................................................10

## I.     INTRODUCTION

Plaintiffs' opposition brief makes clear that their third complaint is nothing more than an improper vehicle for seeking reconsideration of this Court's prior order of dismissal.  The Court held in its prior order that the party exception applies because Noom was a party to plaintiffs' communications and FullStory, as a service provider, is an extension of Noom.  *Graham v. Noom, Inc.*, --- F. Supp. 3d ----, 2021 WL 1312765, at *5 (N.D. Cal. Apr. 8, 2021).  The Court dismissed the prior complaint because it failed to include any allegations that FullStory stepped out of its role as Noom's service provider and used plaintiffs' data for itself (*e.g.*, by selling it to third parties).  *Id.*

Plaintiffs' new complaint does not even attempt to cure this deficiency.  Instead, plaintiffs argue that the Court was wrong to dismiss their complaint in the first place, scolding the Court for a litany of purported "err[ors]."  *See* Dkt. 67 ("Opp.") at 1–5.  Plaintiffs' demand for a different outcome is without merit and in violation of Civil Local Rule 7-9, which governs motions for reconsideration.  None of the decisions on which plaintiffs rely establish that the Court erred in concluding that the party exception applies.  The Court should reject plaintiffs' stream of baseless arguments, which both mischaracterize the Court's prior order and rehash issues this Court already considered and rejected.

Accordingly, the Court should dismiss plaintiffs' third complaint for the same reasons it dismissed their prior complaint, this time with prejudice.

## II.    ARGUMENT

### A.     The Second Amended Complaint Fails to State a Claim.

#### 1.     Plaintiffs Fail to State an Eavesdropping Claim Under Section 631(a).

##### a)     FullStory Was Not a Third-Party Eavesdropper on Plaintiffs' Communications with Noom.

FullStory's motion established that plaintiffs again fail to plausibly allege that FullStory was a third-party eavesdropper, as required to state a claim under section 631(a).  *See* Dkt. 63 ("Mot.") at 5–8.  Section 631(a) extends liability only to third-party eavesdroppers and not to a person "who is a 'party' to the communication."  *See In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 607 (9th Cir. 2020) ("*Facebook III*"), *cert denied, sub nom. Facebook, Inc. v. Davis*, 141 S. Ct. 1684 (2021).  In dismissing the prior complaint, this Court held that, because Noom was a party to the communications at

1   issue and FullStory, as a service provider, is an extension of Noom, FullStory "is not a third-party

2   eavesdropper." *Noom*, 2021 WL 1312765, at *5.  The prior complaint was deficient, the Court

3   reasoned, because plaintiffs failed to allege that FullStory stepped out of its role as a service provider

4   and "used the data [for] itself." *Id.*  As shown in FullStory's motion, plaintiffs do not cure this

5   deficiency in their new complaint: nowhere do they allege that FullStory used their data for any purpose

6   other than in its capacity as a service provider to Noom.  Mot. at 6–7.

7        Plaintiffs do not dispute FullStory's argument that they failed to cure this deficiency in their new

8   complaint, thereby conceding that dismissal of their claim is appropriate.  *See* Opp. at 1–5; *Arroyo v.*

9   *AJU Hotel Silicon Valley LLC*, 2021 WL 2350813, at *3 (N.D. Cal. Mar. 16, 2021) (granting motion to

10  dismiss claim with prejudice where a plaintiff "concede[d] [an] argument by failing to address it in his

11  opposition").  Plaintiffs cite a new allegation that FullStory is "permitted" under its "standard" partner

12  terms and conditions "to use and disclose anonymized data for product improvement."  Dkt. 58

13  ("Second Am. Compl.") ¶ 48; *see* Opp. at 3–4.  But this allegation does not address the deficiency in

14  plaintiffs' complaint.  Plaintiffs do not allege, for example, that Noom's agreement with FullStory

15  contains these "standard" terms, or that FullStory actually used plaintiffs' anonymized data for product

16  improvement.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (facts must show "more than the mere

17  possibility of misconduct" to be plausible).

18       Rather than address the deficiency in their new complaint, plaintiffs request that this Court

19  reconsider its prior ruling that the party exception applies.  Opp. at 1–5 (arguing that the Court "erred in

20  three respects" in its prior ruling).  This request amounts to a procedurally improper motion for

21  reconsideration.  Although the law of the case doctrine does not bar plaintiffs from requesting that the

22  Court reconsider its prior ruling (*see* Opp. at 1 n.1), plaintiffs must still comply with Civil Local Rule 7-

23  9, which governs such motions.  *See United States v. Feathers*, 2017 WL 783947, at *2 (N.D. Cal. Mar.

24  1, 2017) (holding that a party's request for reconsideration, while not improper under the law of the case

25  doctrine, failed to satisfy Civil Local Rule 7-9).  Here, plaintiffs violated Civil Local Rule 7-9 by failing

26  to request leave to file a motion for reconsideration, or to identify a proper basis for reconsideration

27  (*e.g.*, a change in the law).  Accordingly, the Court should not consider plaintiffs' arguments that "the

28

1    Court erred in its prior order granting dismissal" (Opp. at 1–5) (emphasis and capitalization omitted).

2    *See, e.g.*, *Walsh v. Kindred Healthcare*, 2012 WL 13158077, at \*3 n.1 (N.D. Cal. Aug. 6, 2012)

3    (declining plaintiffs' request in an opposition to a motion to dismiss that the Court reconsider a prior

4    ruling because the request violated Civil Local Rule 7-9); *MLC Intell. Prop., LLC v. Micron Tech., Inc.*,

5    2019 WL 5269014, at \*6, \*8 (N.D. Cal. Oct. 17, 2019) (striking an opposition to a motion for summary

6    judgment for the same reasons).

7            In any event, plaintiffs fail to establish any error in the Court's prior order, let alone a "manifest"

8    error, as would be required to justify reconsideration. *See* Civil L.R. 7-9(b)(3).[1]  Plaintiffs' principal

9    argument is that the Court's prior order is "directly contrary" to authorities holding that section 631(a)

10   requires both parties' (*i.e.*, Noom's and plaintiffs') consent to a third-party eavesdropper.  *See* Opp. at 1–

11   2.  Not so.  The Court held that FullStory is not a third-party eavesdropper in the first place, rendering

12   such authorities inapposite.  The basis for the Court's holding—that FullStory, as a service provider, is

13   an extension of Noom—is not "just another way of saying that [only] Noom consented" to the use of

14   FullStory's software.  *See* Opp. at 2.  FullStory is an extension of Noom in the same way that the tape

15   recorder in *Rogers v. Ulrich,* 52 Cal. App. 3d 894, 898 (1975), was an extension of the defendant in that

16   case.  *See* Mot. at 6.  Plaintiffs argue, in essence, that FullStory's software-based services are more

17   advanced than a tape recorder (Opp. at 3–4), but that is immaterial (Mot. at 7).  What matters is that

18   FullStory "provides a tool—like the tape recorder in *Rogers*—that allows Noom to record and analyze

19   its own data in aid of Noom's business." *Noom*, 2021 WL 1312765, at \*5; *see* Mot. at 6–7.

20   Accordingly, the Court correctly held that the party exception applies.

21           Nor did the Court err in concluding that the prior complaint was deficient by failing to include

22   allegations that FullStory "intercepted and used the data [for] itself." *Noom*, 2021 WL 1312765, at \*5.

23   The Court did not suggest that such use is a "necessary condition" (*i.e.*, an element) of a section 631(a)

24   claim, as plaintiffs contend.  *See* Opp. at 4 (emphasis omitted).  Rather, the failure to plead that

25

26   [1] Plaintiffs fail to present any arguments suggesting that the other bases for reconsideration could be
     relevant.  *See* Civ. L.R. 7-9(b)(1)–(2) (requiring a "material difference in fact or law" from that which
27   was presented to the Court or the "emergence of new material facts or a change of law occurring after
     the time of [the Court's prior] order").

28

1    FullStory used the data for itself, a failure plaintiffs did not cure in their new complaint (*supra* at p. 2), is

2    relevant to determining whether the party exception applies to FullStory.  Without such allegations,

3    plaintiffs' complaint shows only that FullStory used the data in its capacity as a service provider to, and

4    as an extension of, Noom—a party to the communication.  *See* Mot. at 7.  Plaintiffs' failure also

5    distinguishes the cases they previously cited where, unlike here, the defendants were "independent

6    parties who mined information from other websites and sold it."  *Noom*, 2021 WL 1312765, at *5

7    (distinguishing *Facebook III* and *Revitch v. New Moosejaw, LLC*, 2019 WL 5485330 (N.D. Cal. Oct. 23,

8    2019)); *see* Mot. at 7.

9         The other purported error misconstrues the Court's prior order.  The Court did not base its prior

10   order on the conclusion that "FullStory did nothing more than furnish software."  *See* Opp. at 3–4.  The

11   Court already accepted as true that FullStory does far more: FullStory provides a software-based service

12   that collects data from Noom's website and analyzes such data (and thus necessarily has access to it) on

13   Noom's behalf.  *Noom*, 2021 WL 1312765, at *1, *5 (noting that FullStory provides "a software

14   service" to "capture and analyze" its client's data that is "host[ed] . . . on FullStory's servers"); *see* Mot.

15   at 6–7.  For that reason, plaintiffs' arguments and new allegations—that FullStory's software

16   "intercepted" website data for its client, and that FullStory "received," has "access" to, and "analyze[d]"

17   such data on its servers for its client—do not establish any error in the Court's prior order, or create any

18   fact disputes, as plaintiffs contend.  *See* Opp. at 3–4.[2]  To the contrary, such arguments and allegations

19   further support the Court's conclusion that FullStory used plaintiffs' data only in its capacity as a service

20   provider to, and as an extension of, its client, Noom.  *See* Mot. at 7.

21        Finally, none of the cases plaintiffs cite establish any error in the Court's conclusion that the

22   party exception applies.  Most of the cases do not even address the party exception or section 631(a)

23   more generally.  Opp. at 1–3 (citing *Matera v. Google Inc.*, 2016 WL 5339806, at *16 (N.D. Cal. Sept.

24   23, 2016) (consent defense under section 631(a)); *People v. Windham*, 145 Cal. App. 4th 881, 889

---

26   [2] FullStory's patented technology provides the capability to obtain data only "from the publisher's [*i.e.*,
     website operator's] data," not "from other applications" (Opp. at 3).  *See* Mot. at 8 n.4 (quoting Second
27   Am. Compl. ¶ 46).  Nor are FullStory's communications with a different client (Nike) relevant to
     Noom's implementation of FullStory's software.  *See* Opp. at 4.

28

1   (2006) (same); *Ribas v. Clark*, 38 Cal. 3d 355, 363 (1985) (tariff exception under section 631(b)(2));

2   *Tavernetti v. Super. Ct.*, 22 Cal. 3d 187, 192–93 (1978) (public utility exception under section

3   631(b)(1)); *Smith v. LoanMe, Inc.*, 11 Cal. 5th 183, 200 (2021) (section 632.7); *Luis v. Zang*, 833 F.3d

4   619, 637 (6th Cir. 2016) (federal Wiretap Act claim for possession of a wiretap device); *NorthBay*

5   *Healthcare Grp. v. Kaiser Found. Health Plan, Inc.*, 838 F. App'x 231, 234 (9th Cir. 2020) (federal

6   antitrust claim); *McAdory v. M.N.S. & Assocs., LLC*, 952 F.3d 1089, 1093–94 (9th Cir. 2020) (federal

7   Fair Debt Collection Practices Act claim)).  And plaintiffs do not address FullStory's arguments, and

8   thus concede, that *Facebook III* and *Moosejaw* are distinguishable (Mot. at 7).  *Arroyo*, 2021 WL

9   2350813, at *3.

10         The remaining cases were already raised in plaintiffs' prior opposition brief in support of the

11   same recycled arguments.  *Compare* Dkt. 40 at 10 (arguing that the party exception does not apply,

12   citing *United States v. Eady*, 648 F. App'x 188, 192 (3d Cir. 2016); *Lopez v. Apple, Inc.*, --- F. Supp. 3d

13   ----, 2021 WL 823122, at *4 (N.D. Cal. Feb. 10, 2021); *S.D. v. Hytto Ltd.*, 2019 WL 8333519, at *7–8

14   (N.D. Cal. May 15, 2019)), *with* Dkt. 67 at 2 (same)).  Plaintiffs' repetition of the same arguments

15   violates the local rules governing motions for reconsideration, and should be rejected on that basis alone.

16   Civ. L.R. 7-9(c) ("Any party who violates this restriction shall be subject to appropriate sanctions.");

17   *MLC Intell. Prop., LLC*, 2019 WL 5269014, at *6, *8 (declining to consider repeated arguments for the

18   same reason).  Moreover, the cases are distinguishable because, unlike here, none of the cases involved a

19   vendor collecting, or providing a service to collect, information on behalf of a party to the

20   communication.  *See Eady*, 648 F. App'x at 190 (affirming conviction under federal Wiretap Act of

21   defendant who recorded calls between two parties "without the targets [*i.e.*, the parties] being aware of

22   his presence"); *Lopez*, 2021 WL 823122, at *4–5 (finding allegations sufficient, in part, under federal

23   Wiretap Act, where defendant captured plaintiffs' private communications for its own purposes); *Hytto*,

24   2019 WL 8333519, at *7–8 (denying motion to dismiss, in part, of federal Wiretap Act claim where

25   defendant captured communications between two parties for its own purposes); *see also* Dkt. 41 at 6–7

26   (responding to plaintiffs' prior iteration of the same argument).

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

    **b)**  **The Eavesdropping Claim Fails to the Extent It Is Predicated on Non-Content Information.**

   FullStory's motion further established that plaintiffs have again attempted to base their section 631(a) claim, at least in part, on non-content information in three ways. *See* Mot. at 8–9.

   *First*, plaintiffs include a catch-all allegation that "any" information plaintiffs "intentionally provided to Noom while on the website" constitutes content. Second Am. Compl. ¶ 89. As shown in FullStory's motion, this allegation is overbroad. Mot. at 9. Plaintiffs do not dispute that it is overbroad, as they concede that certain record information collected, including their IP addresses, is not content. Opp. at 6–7.

   *Second*, plaintiffs incorrectly assert that the "webpages and URLs" they visited are content. Second Am. Compl. ¶ 89. But under Ninth Circuit precedent, this kind of data constitutes content only if the URL itself contains "a search term or similar communication made by the user," as may occur when using a search engine. Mot. at 9 (quoting *In re Zynga Priv. Litig*, 750 F.3d 1098, 1108–09 (9th Cir. 2014) ("*Zynga*")). Plaintiffs have not alleged, and do not argue in response that they did allege, that the "webpages and URLs" at issue here contained such information. *See* Opp. at 7. Plaintiffs' suggestion that *Facebook III* "reversed" *Zynga* is wrong. *See id*. (emphasis omitted). As an initial matter, the Ninth Circuit in *Facebook III* did not even consider whether certain data amounted to content, as in *Zynga*. *See* 956 F.3d at 605 (discussing *Zynga* in the context of an invasion-of-privacy claim, not a CIPA claim). Moreover, the *Facebook III* court distinguished *Zynga*, finding that the URLs at issue contained the "sensitive information" that was missing from the URLs in *Zynga*. *Id.* Here, there is no allegation that the URLs themselves contained any sensitive information.

   *Third*, plaintiffs allege that their keystrokes and mouse clicks categorically constitute contents. Again, this is overbroad. Mot. at 9. For example, a keystroke or mouse click can be used to navigate a webpage without communicating any message. Contrary to plaintiffs' suggestion, FullStory has not argued that plaintiffs' claim is governed by Rule 9. Opp. at 8. Rather, plaintiffs are required to plausibly allege that they conveyed a message through their keystrokes and mouse clicks. *Zynga*, 750 F.3d at 1108–09 (holding that the plaintiffs failed to plausibly allege that the data at issue constituted the "contents" of their communications because they did not establish that the data conveyed a message).

1   Plaintiffs' vague allegation regarding keystrokes and mouse clicks fails to do this.  The only case

2   plaintiff cites for the contrary proposition is inapposite because it did not even consider the contents

3   issue.  Opp. at 8–9 (citing *In re Google Assistant Priv. Litig.*, 457 F. Supp. 3d 797, 816 (N.D. Cal. 2020)

4   (addressing whether plaintiffs sufficiently alleged the interception of "oral communications" under

5   federal Wiretap Act claim, which require that the speaker have a "reasonable expectation of privacy")).

6       Plaintiffs urge this Court to ignore all of FullStory's arguments and follow the district court's

7   holdings in *Aldaheff* and *Moosejaw*.  Opp. at 7–8 & Dkt. 67-1.  Plaintiffs concede, however, that the

8   *Aldaheff* court was interpreting *Florida* law, not California law (Opp. at 7), and is therefore

9   distinguishable.  Nor is there any indication in the opinion that the *Aldaheff* court relied on Ninth Circuit

10  precedent when determining whether the plaintiff there sufficiently pleaded the contents element, as

11  plaintiff suggests.  *Id.*  Instead, the *Aldaheff* court provided a perfunctory explanation, simply concluding

12  that the allegation was sufficient without addressing the arguments that FullStory here has raised.  Dkt.

13  67-1 at 4–6.  Plaintiffs' reliance on *Moosejaw* is similarly misplaced because the *Moosejaw* court did not

14  consider whether the data at issue were contents of the communication at issue.  Opp. at 8 (quoting

15  *Moosejaw*, 2019 WL 5485330, at *1 (holding only that a certain "series of requests and responses"

16  between the parties "is communication") (emphasis omitted)).

17                  **c)**      **Noom's Privacy Policy Forecloses Plaintiffs' Claims.**

18      Plaintiffs' section 631(a) claim also fails because Noom's privacy policy disclosed that service

19  providers, like FullStory, collect data from website visitors.  As this court previously noted, section

20  631(a) imposes liability only if a "if a person *secretly* listens to another's conversation."  *Noom*, 2021

21  WL 1312765, at *4 (emphasis added).  FullStory established that its data collection was not done in

22  secret; rather, Noom's privacy policy disclosed that its service providers, like FullStory, collect data

23  from website visitors.  Mot. 9–10.

24      Rather than respond to FullStory's argument, plaintiffs argue that they did not "consent" to

25  Noom's privacy policy.  Opp. at 9–14.  This straw-man argument fails.  FullStory has not argued at this

26  stage that plaintiffs consented to the privacy policy, and plaintiffs again "talk past" FullStory's actual

27  argument.  *Noom*, 2021 WL 1312765, at *7.  Plaintiffs are required to show that FullStory's actions

28

1
2
3
4
5
6

were secret, and plaintiffs cannot make that showing in light of Noom's privacy policy.  That policy fully discloses that data regarding users' interactions with Noom's website may be collected by "service providers," which is precisely the conduct plaintiffs allege here.  Mot. at 10 (quoting Dkt. 45-1 at 2–4). In light of these disclosures, plaintiffs' conclusory allegation that the collection of their data was surreptitious is implausible.  *See* Second Am. Compl. ¶¶ 39, 73.  Plaintiffs offer no authority to the contrary.

7
8

**2.      Plaintiffs Lack Standing to Pursue—and Fail to State—a Claim for the Sale of Eavesdropping Software Under Section 635(a).**

9
10
11
12
13
14

FullStory's motion established that plaintiffs lack standing to bring, and fail to state, a claim against FullStory for the sale of an eavesdropping device under section 635(a).  Mot. at 10–11. Plaintiffs do not dispute that their statutory and Article III standing turns on whether they have plausibly alleged that FullStory was an eavesdropper.  *See* Opp. at 14–15.  Because plaintiffs have again failed to plausibly allege eavesdropping (*supra* at p. 1–5), the Court may dismiss plaintiffs' claim on that basis alone.  Plaintiffs' arguments also fail to show that they have stated a claim for two reasons.

15
16
17
18
19
20
21
22
23

*First*, plaintiffs fail to plausibly allege that FullStory's software is a "device" within the meaning of section 635(a).  Plaintiffs have not "include[d] facts in their pleading" to support their conclusory allegation that "FullStory's code is a 'device.'"  Mot. at 11–12 (citing *In re Facebook Internet Tracking Litig.*, 140 F. Supp. 3d 922, 937 (N.D. Cal. 2015)).  Plaintiffs do not respond to this argument, thereby conceding its merit.  *Arroyo*, 2021 WL 2350813, at *3.  The only case plaintiffs cite to the contrary that involved a section 635(a) claim did not address the arguments FullStory raises here, and therefore provides no basis for rejecting FullStory's arguments.  Opp. at 15 (citing *Moosejaw*, 2019 WL 5485330, at *3 (crediting conclusory allegation that NaviStone's code is a "device" without addressing any contrary arguments)).[3]  Nor does plaintiffs' citation to *Smith* (Opp. at 6), which did not even address

24
25
26
27

[3] The remaining cases plaintiffs cite are distinguishable because they either did not involve device claims, analyzed exceptions to the definition of "device" not at issue here under the federal Wiretap Act, or the defendant did not challenge whether the product at issue was a "device."  *Facebook III*, 956 F.3d at 606–08 (no device claims); *In re Carrier IQ, Inc.*, 78 F. Supp. 3d 1051, 1084 (N.D. Cal. 2015) (addressing federal "device" exception); *Matera v. Google Inc.*, 2016 WL 8200619, at *6–15 (N.D. Cal.

28

1    section 635(a), refute FullStory's argument under the rule of lenity that ambiguities in the term "device"

2    must be construed in FullStory's favor.  *See* Mot. at 12; *Smith*, 11 Cal. 5th at 202.

3           *Second*, plaintiffs fail to plausibly allege that FullStory's software is "primarily or exclusively

4    designed or intended for eavesdropping."  As shown in FullStory's motion, plaintiffs alleged in their

5    prior complaints that FullStory's software is designed to provide "marketing analytics" and to "help

6    businesses improve their website design and customer experience," not to eavesdrop.  Mot. at 12

7    (quoting Am. Compl. ¶¶ 17–18).  Plaintiffs cannot now disclaim these allegations, and fail to address

8    FullStory's authority on this point.  *See* Mot. at 12 (citing *J. Edwards Jewelry Distrib., LLC. v. Wells*

9    *Fargo & Co.*, 2019 WL 2329248, at *4 (N.D. Cal. May 31, 2019)).  Plaintiffs' argument that FullStory

10   conflates what its software "does" with FullStory's "motive" (Opp. at 16) is contrary to the plain terms

11   of the statute, which require the Court to consider for what purpose the software was "primarily or

12   exclusively designed or intended."  Cal. Penal Code § 635(a).

13                    **3.       Plaintiffs Fail to State an Invasion of Privacy Claim Under the California**
                                **Constitution.**
14

15          To state their invasion of privacy claim under the California Constitution, plaintiffs must

16   plausibly allege (1) possession of a legally protected privacy interest, (2) a reasonable expectation of

17   privacy, and (3) an egregious breach of social norms.  *Facebook III*, 956 F.3d at 601.  As shown in

18   FullStory's motion, plaintiffs' allegations are deficient because plaintiffs' first element—a legally

19   protected interest—still rests on their deficient allegations of eavesdropping (*i.e.*, wiretapping) by

20   FullStory.  Mot. at 12–13.  Plaintiffs do not dispute this argument, and the invasion-of-privacy claim

21   may be dismissed on this basis.

22          While plaintiffs' claim may be dismissed on the first element alone, plaintiffs also fail to

23   plausibly allege the remaining two elements.

24          *First*, plaintiffs cannot plausibly allege a reasonable expectation of privacy in data that they

25   intentionally and voluntarily provided to Noom and, by extension, FullStory, even if FullStory were

26

27   Aug. 12, 2016) (same); *Luis*, 833 F.3d at 634 (defendant did not challenge whether product was a
     "device").

28

1   considered a third party (which it is not, Mot. at 5–8).  Mot. at 13.  Plaintiffs respond that this argument

2   "raises questions of fact" (Opp. at 18), but they are wrong.  Courts recognize as a matter of law that,

3   when interacting with a website, a reasonable person recognizes that the businesses running those

4   websites "routinely embed content from third-party servers . . . through their use of analytics tools,

5   advertising networks, code libraries and other utilities."  *In re Facebook Internet Tracking Litig.*, 263 F.

6   Supp. 3d 836, 846 (N.D. Cal. 2017) (no reasonable expectation of privacy); *see* Mot. at 13.  Nor does

7   plaintiffs' citation to a 2017 blog post—which does not address Noom's implementation of FullStory's

8   software and relies on an analysis of user expectations with respect to services of a different company

9   (NaviStone)—have any relevance to FullStory's services at issue here.[4]

10   *Second*, plaintiffs fail to grapple with FullStory's arguments or authority regarding the third

11   element.  FullStory argued that (1) the capturing of mouse clicks and keystrokes is not an egregious

12   breach of social norms; and (2) even if it amounted to the collection of personal information entered into

13   the text fields on Noom's website, that, too, would be insufficient in light of the *Low* court's holding

14   that, as a matter of law, the disclosure of personal information to third parties (which did not occur here,

15   Mot. at 5–8) is not an egregious breach of social norms.  Mot. at 13 (citing *Low v. LinkedIn Corp.*, 900

16   F. Supp. 2d 1010, 1025 (N.D. Cal. 2012)).  Plaintiffs fail to respond to FullStory's arguments, or even

17   attempt to distinguish *Low*.  *See* Opp. at 18–20.

18   Nor do the cases plaintiffs cite establish an egregious breach of social norms.  In each case,

19   unlike here, defendants made affirmative misrepresentations regarding the collection of data, or

20   plaintiffs' data was disclosed to a company acting other than in a capacity as a party's vendor.  *Compare*

21   *Facebook III*, 956 F.3d at 601–02 (false policies claiming Facebook did not track browsing when logged

22

23

24   [4] The blog post addresses Walgreen's implementation of FullStory's software, and the author of the blog
     post opines that certain services' data collection "far exceeds user expectations," but the support cited
     for that opinion is "[a] recent analysis of the company Navistone."  Steven Englehardt, *No Boundaries:*
25   *Exfiltration of Personal Data By Session-replay Scripts*, Freedom to Tinker (Nov. 15, 2017),
     https://freedom-to-tinker.com/2017/11/15/no-boundaries-exfiltration-of-personal-data-by-session-
26   replay-scripts).  The blog post is incorporated by reference into the second amended complaint.  *See*
     Second Am. Compl. ¶ 69 (quoting blog post); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th
27   Cir. 2010).

28

1   out); *In re Google Location Hist. Litig.*, 2021 WL 519380, at *1–2 (N.D. Cal. Jan. 25, 2021) (turned-off

2   location feature misrepresenting that Google was not collecting location data); *In re Vizio, Inc.*

3   *Consumer Priv. Litig.*, 238 F. Supp. 3d 1204, 1233 (C.D. Cal. 2017) (defendant "disregard[ed]

4   consumers' privacy choices while simultaneously holding itself out as respecting them") (citations and

5   brackets omitted); *Opperman v. Path, Inc.*, 205 F. Supp. 3d 1064, 1068–70 (N.D. Cal. 2016) (Yelp app

6   uploaded users' contacts to Yelp despite claims that Yelp would not store user contacts); *Opperman v.*

7   *Path, Inc.*, 87 F. Supp. 3d 1018, 1031–32 (N.D. Cal. 2014) (Apple allegedly allowed apps on the App

8   Store that accessed user data without their knowledge despite Apple's claims to review all app privacy

9   standards), *with In re Facebook, Inc. Consumer Priv. User Profile Litigation*, 402 F. Supp. 3d 767, 797

10  (N.D. Cal. 2019) (Facebook disclosed data to "app developers and business partners"); *Goodman v.*

11  *HTC Am., Inc.*, 2012 WL 2412070, at *15 (W.D. Wash. June 26, 2012) (defendants "sold individualized

12  profiles containing [the data]" to third parties); *Moosejaw*, 2019 WL 5485330 (NaviStone sold data to

13  third parties).

#### 4.       Plaintiff Moise Lacks Standing To Bring a Claim for Injunctive Relief.

15          Plaintiff Moise lacks standing to seek injunctive relief because she has not plausibly alleged a

16  likelihood of future harm.  Mot. at 13.  Article III standing requires a plaintiff to allege an injury that is

17  "certainly impending"; "allegations of possible future injury" are not enough.  *Clapper v. Amnesty Int'l*

18  *USA*, 568 U.S. 398, 409 (2013) (emphases omitted).  As shown in FullStory's motion, plaintiff Moise

19  confirms that she faces no risk of future injury, alleging only that she "would be willing" to visit

20  Noom's website "if she knew" that the alleged injury-causing conduct had ceased (*i.e.*, that Noom

21  stopped using FullStory's software-based services).  Second Am. Compl. ¶¶ 96, 107.  Plaintiff cites

22  *Davidson v. Kimberly-Clark Corp*. (Opp. at 14) but that case is distinguishable because the plaintiff in

23  that case alleged that she "would," in fact, "purchase" the product at issue again.  889 F.3d 956, 971 (9th

24  Cir. 2018).  Here, by contrast, plaintiff Moise speculates only that she "would be willing" to—and not

25  that she would in fact—visit Noom's website again.  Second Am. Compl. ¶¶ 96, 107.  That is

26  insufficient.  *Sciacca v. Apple, Inc.*, 362 F. Supp. 3d 787, 803 (N.D. Cal. 2019) (distinguishing *Davidson*

27  where the plaintiff's allegations showed only that he "might be injured in the future").

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**B.      FullStory Is Not Subject to Personal Jurisdiction In California.**

FullStory established that plaintiffs fail to meet their prima facie burden to establish specific

jurisdiction over FullStory because (1) plaintiffs continue to predicate specific jurisdiction on their

deficient wiretapping allegations and (2) even if plaintiffs had plausibly alleged wiretapping by

FullStory, such allegations fail to provide a basis for specific jurisdiction over FullStory.  Mot. at 14–16.

Plaintiffs do not dispute the first argument, and plaintiffs' arguments in response to the second argument

are meritless.

*First*, plaintiffs fail to show that FullStory, a Georgia-based company incorporated in Delaware,

"purposefully directed" its activities toward California, as required.  To establish purposeful direction,

plaintiffs must allege facts showing that FullStory's conduct was "expressly aimed" at California, and

that FullStory caused harm that it "knows is likely to be suffered in" California.  *Axiom Foods, Inc. v.*

*Acerchem Int'l, Inc.*, 874 F.3d 1064, 1069 (9th Cir. 2017).  As shown in FullStory's motion, plaintiffs'

allegations in this regard are insufficient because they are premised on *Noom*'s conduct.  Mot. at 14.

Indeed, another California federal court, evaluating allegations "similar to" plaintiffs' allegations here

(Opp. at 22), recently held that a plaintiff failed to show purposeful direction by another session replay

vendor for similar reasons.  *Massie v. Gen. Motors Co.*, 2021 WL 2142728, at *8 (E.D. Cal. May 26,

2021) (reasoning, in part, that all of the session replay vendor's alleged conduct was "aimed outside of

California, at [the website operator] and its websites").  Plaintiffs concede, as they must, that *Massie*

applies here.[5]  Opp. at 22.

Plaintiffs' opposition repeats the error in their allegations, relying almost exclusively on cases

finding personal jurisdiction over an app or website operator, not a vendor like FullStory.  *See Hytto*,

---

[5] Plaintiffs are wrong that *Massie* "is irrelevant" if the Court finds that it erred in its prior order (which it
did not, *supra* at 2–5).  *See* Opp. at 22.  *Massie* relied on this Court's reasoning in *Noom* as a separate
and additional basis for its holding.  2021 WL 2142728, at *8 (citing the Court's reasoning in *Noom*
after concluding that the plaintiffs' allegations "fail to demonstrate purposeful direction at California").
And plaintiffs cannot rely on their allegation that FullStory "knew that a significant number of
Californians would visit Noom's website" (Second Am. Compl. ¶ 16; *see* Opp. at 22 n.9), because
courts recognize that "knowledge of a plaintiff's residence in the forum is not enough to satisfy the
express aiming prong."  *See Michael v. New Century Fin. Servs.*, 2015 WL 1404939, at *5 (N.D. Cal.
Mar. 30, 2015).

1    2019 WL 8333519, at *4 (finding express aiming by app operator); *Loomis v. Slendertone Distrib., Inc.*,

2    420 F. Supp. 3d 1046, 1069–70 (S.D. Cal. 2019) (website operator); *Stomp, Inc. v. NeatO, LLC*, 61 F.

3    Supp. 2d 1074, 1077–78 (C.D. Cal. 1999) (same); *see Oakley, Inc. v. Donofrio*, 2013 WL 12126017, at

4    *5–6 (C.D. Cal. June 14, 2013) (sellers on eBay).  The sole remaining case plaintiffs cite involved an

5    individual defendant who allegedly recorded phone conversations with the plaintiff "for the purpose of

6    extorting money from [the plaintiff] in California"; there are no similar allegations here.  *Bergstein v.*

7    *Parmar*, 2014 WL 12586073, at *4 (C.D. Cal. June 23, 2014) (emphasis omitted).

8            *Second*, plaintiffs fail to show that their claims arise out of or relate to FullStory's forum-related

9    activities.  FullStory's challenged conduct consists of providing software-based services to Noom.  *See*

10   Second Am. Compl. ¶ 13.  As shown in FullStory's motion, the effects of FullStory's challenged

11   conduct are therefore not sufficiently tethered to California because plaintiffs would have experienced

12   the same alleged harm wherever else they might have accessed Noom's website.  Mot. at 15 (citing

13   *Walden v. Fiore*, 571 U.S. 277, 290 (2014)).  In opposition, plaintiffs fail to explain how providing

14   software-based services to Noom, a New York-based company incorporated in Delaware, amounts to

15   "reach[ing] into California."  Opp. at 22.  To the contrary, FullStory provided such software-based

16   services "without entering California, contacting any person in California, or otherwise reaching out to

17   California."  *Picot v. Weston*, 780 F.3d 1206, 1215 (9th Cir. 2015) (no jurisdiction over a defendant in

18   California where plaintiff's alleged injury "would follow him wherever he might choose to live or

19   travel").

20           Plaintiffs' cases are inapposite.  None of them involve a vendor providing software-based

21   services to a website operator, which is the relevant conduct alleged here.  *See Bergstein*, 2014 WL

22   12586073, at *4 (defendant recorded phone conversations with individual plaintiff); *Francis v. Api Tech.*

23   *Servs., LLC*, 2014 WL 11462447, at *6 (E.D. Tex. Apr. 29, 2014) (defendant directed others to hack into

24   the home IP address of an individual plaintiff known to be a Texas resident); *Hytto*, 2019 WL 8333519,

25   at *6 (defendant intercepted transmissions between app users).

26           *Third*, because plaintiffs have not carried their burden on the first two prongs, this Court need not

27   consider whether the exercise of specific jurisdiction over FullStory would be reasonable.  *See*

28

1  *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).  In any event, as shown

2  in FullStory's motion, the exercise of specific jurisdiction would be unreasonable because all of the

3  Ninth Circuit's reasonableness factors weigh heavily against exercising specific jurisdiction.  Mot. at

4  15–16.

5  **III.     CONCLUSION**

6          For the foregoing reasons, this Court should dismiss plaintiffs' second amended complaint as to

7  FullStory with prejudice.

8    DATED:  July 15, 2021                                    COVINGTON & BURLING LLP

9                                                             By:  */s/ Emily Johnson Henn*

10                                                            EMILY JOHNSON HENN (SBN 269482)
11                                                            ehenn@cov.com
                                                              COVINGTON & BURLING LLP
12                                                            3000 El Camino Real
                                                              5 Palo Alto Square, 10th Floor
13                                                            Palo Alto, CA 94306-2112
                                                              Telephone: + 1 (650) 632-4700
14                                                            Facsimile: + 1 (650) 632-4800

15                                                            SIMON J. FRANKEL (SBN 171552)
16                                                            sfrankel@cov.com
                                                              MATTHEW Q. VERDIN (SBN 306713)
17                                                            mverdin@cov.com
                                                              JENNA L. ZHANG (SBN 336105)
18                                                            jzhang@cov.com
                                                              COVINGTON & BURLING LLP
19                                                            Salesforce Tower
                                                              415 Mission Street, Suite 5400
20                                                            San Francisco, CA 94105-2533
                                                              Telephone: + 1 (415) 591-6000
21                                                            Facsimile: + 1 (415) 591-6091

22

23                                                            *Attorneys for Defendant*
24                                                            *FullStory, Inc.*

25

26

27

28