COOLEY LLP
MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
KYLE C. WONG (224021) (kwong@cooley.com)
AARTI G. REDDY (274889) (areddy@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California 94111-4004
Telephone:    (415) 693-2000
Facsimile:    (415) 693-2222

CHARLES A. WOOD (310702) (cwood@cooley.com)
1299 Pennsylvania Ave., NW, Suite 700
Washington, DC  20004
Telephone:    (202) 842-7800
Facsimile:    (202) 842-7899

Attorneys for Defendant
NOOM, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AUDRA GRAHAM and STACY MOISE, individually and on behalf of all others similarly situated, | Case No. 3:20-cv-06903-LB |
| Plaintiffs, | **DEFENDANT NOOM, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT** |
| v. | |
| NOOM, INC. and FULLSTORY, INC., | Hearing Date:   July 29, 2021 |
| Defendants. | Hearing Time:   9:30 a.m. |
| | Judge:          Honorable Laurel Beeler |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT NOOM, INC.'S REPLY
ISO MTD PLAINTIFFS' SAC
Case No. 3:20-cv-06903-LB

# TABLE OF CONTENTS

Page

I.      INTRODUCTION ........................................................................................................ 1

II.     ARGUMENT .............................................................................................................. 2

     A.    All of Plaintiffs' CIPA Claims Fail.................................................................. 2

          1.    Noom Is Not Liable Under Section 631 Because FullStory Is Not a
              Third-Party Wiretapper ...................................................................... 2

          2.    Even if FullStory Was a Third-Party Wiretapper, Noom Is Not
              Liable for Aiding and Abetting Because It Was a Party to Any
              Communications ................................................................................. 6

          3.    The Information that Noom Allegedly Intercepted Is Not Content ........... 9

          4.    Plaintiffs Fail to Plead Statutory and Constitutional Standing in
              Support of Their Section 635 Claims................................................. 10

          5.    Plaintiffs Fail to Plead that FullStory's Technology Is a Device
              "Primarily or Exclusively Designed or Intended for
              Eavesdropping." ............................................................................... 11

     B.    Plaintiffs Fail to Allege an Invasion of Privacy ............................................ 12

          1.    Plaintiffs Do Not Have a Legally Protected Privacy Interest ................... 12

          2.    Plaintiffs Do Not Have a Reasonable Expectation of Privacy................. 13

          3.    Noom's Conduct Is Not Highly Offensive to a Reasonable Person ........ 14

     C.    Plaintiff Moise Fails to Plead Injunctive Relief............................................. 15

III.    CONCLUSION ......................................................................................................... 15

Cooley LLP
Attorneys at Law
San Francisco

i

Defendant Noom, Inc.'s Reply
ISO MTD Plaintiffs' SAC
Case No. 3:20-cv-06903-LB

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Aldaheff v. Experian Info. Sols., Inc.*,
   No. 21-00395 (C.D. Cal. 2021)................................................................................................. 9

*Brown v. Gardner*,
   513 U.S. 115 (1994)................................................................................................................... 6

*Cardoso v. Whirlpool Corp.*,
   No. 21-60784 (S.D. Fla. July 6, 2021), ECF No. 32................................................................. 1

*City of L.A. v. Lyons*,
   461 U.S. 95 (1983)................................................................................................................... 15

*Cohen v. Casper Sleep Inc.*,
   2018 WL 3392877 (S.D.N.Y. July 12, 2018) ......................................................................... 11

*Connor v. Whirlpool Corp.*,
   No. 21-14180 (S.D. Fla. July 6, 2021), ECF No. 21................................................................. 1

*Davidson v. Kimberly-Clark Corp.*,
   889 F.3d 956 (9th Cir. 2018)................................................................................................... 15

*In re Facebook, Inc. Internet Tracking Litig.*,
   956 F.3d 589 (9th Cir. 2020)...........................................................................................*passim*

*Fogelstrom v. Lamps Plus, Inc.*,
   195 Cal. App. 4th 986 (2011) ................................................................................................. 15

*Goodman v. HTC Am., Inc.*,
   2012 WL 2412070 (W.D. Wash. June 26, 2012)..................................................................... 14

*In re Google Android Consumer Priv. Litig.*,
   2013 WL 1283236 (N.D. Cal. Mar. 26, 2013)......................................................................... 14

*In re Google Assistant Priv. Litig.*,
   457 F. Supp. 3d 797 (N.D. Cal. 2020) ...................................................................................... 3

*In re Google Location Hist. Litig.*,
   --- F.Supp.3d ----, 2021 WL 519380 (N.D. Cal. Jan. 25, 2021) ............................................ 15

*In re Google Location Hist. Litig.*,
   428 F. Supp. 3d at 198 ............................................................................................................ 13

*In re Google, Inc. Priv. Pol'y Litig.*,
   58 F. Supp. 3d 968 (N.D. Cal. 2014) ...................................................................................... 13

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

# TABLE OF AUTHORITIES

**Page**

*Hernandez v. Hillsides, Inc.*,
   47 Cal. 4th 272 (2009) ................................................................. 12

*Hill v. Nat'l Collegiate Athletic Ass'n*,
   7 Cal. 4th 1 (1994) ....................................................................... 14

*Ion Equip. Corp. v. Nelson*,
   110 Cal. App. 3d 868 (1980) ........................................................ 11

*In re iPhone Application Litig.*,
   844 F. Supp. 2d 1040 (N.D. Cal. 2012) ......................................... 9

*Jacome v. Spirit Airlines Inc.*,
   No. 2021-000947-CA-01 (Fla. Miami-Dade Cnty. Ct. June 17, 2021) ............... 1, 7, 9

*In re Lenovo Adware Litig.*,
   2016 WL 6277245 (N.D. Cal. Oct. 27, 2016) ................................ 11

*London v. New Albertson's, Inc.*,
   2008 WL 4492642 (S.D. Cal. Sept. 30, 2008) .............................. 13

*Lopez v. Apple, Inc.*,
   --- F. Supp. 3d ----, 2021 WL 823122 (N.D. Cal. Feb. 10, 2021) ................. 4

*Luis v. Zang*,
   833 F.3d 619 (6th Cir. 2016) (Opp. ) ................................... 4, 9, 12

*Matera v. Google Inc.*,
   2016 WL 5339806 (N.D. Cal. Sept. 23, 2016) ................................ 9

*Membrila v. Receivables Performance Mgmt., LLC*,
   2010 WL 1407274 (S.D. Cal. Apr. 6, 2010) ................................... 8

*NorthBay Healthcare Grp., Inc. v. Kaiser Found. Health Plan, Inc.*,
   838 F. App'x 231 (9th Cir. 2020) ................................................... 5

*Opperman v. Path, Inc.*,
   205 F. Supp. 3d 1064 (N.D. Cal. 2016) ........................................ 15

*Opperman v. Path, Inc.*,
   87 F. Supp. 3d 1018 (N.D. Cal. 2014) .......................................... 15

*People v. Avery*,
   27 Cal. 4th 49 (2002) .................................................................... 7

*People v. Vogel*,
   46 Cal. 2d 798 (1956) .................................................................... 7

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

# TABLE OF AUTHORITIES

**Page**

*People v. Windham,*
 145 Cal. App. 4th 881 (2006) ................................................................................. 9

*Popa v. Harriet Carter Gifts, Inc.,*
 No. 19-00450 (W.D. Pa. June 17, 2021), ECF No. 116 ........................................ 1

*Powell v. Union Pac. R.R. Co.,*
 864 F. Supp. 2d 949 (E.D. Cal. 2012) ................................................................ 7, 8

*Republic of Ecuador v. Mackay,*
 742 F.3d 860 (9th Cir. 2014) ............................................................................... 11

*Revitch v. New Moosejaw, LLC,*
 2019 WL 5485330 (N.D. Cal. Oct. 23, 2019) .............................................. 5, 8, 11

*Revitch v. New Moosejaw, LLC,*
 No. 18-cv-06827 (N.D. Cal. Dec. 31, 2020), ECF No. 145 ............................. *passim*

*Ribas v. Clark,*
 38 Cal. 3d 355 (1985) ......................................................................................... 3, 8

*Rogers v. Ulrich,*
 52 Cal. App. 3d 894 (1975) ............................................................................ 3, 5, 8

*S.D. v. Hytto Ltd.,*
 2019 WL 8333519 (N.D. Cal. May 14, 2009) .................................................... 3, 4

*Scognamillo v. Credit Suisse First Boston LLC,*
 2005 WL 2045807 (N.D. Cal. Aug. 25, 2005) .............................................. 2, 6, 12

*Smith v. LoanMe, Inc.,*
 11 Cal. 5th 183 (2021) ................................................................................ 3, 5, 7, 8

*In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection HDTV Television*
 *Litig.,* 758 F. Supp. 2d 1077 (S.D. Cal. 2010) ...................................................... 6

*Spokeo, Inc. v. Robins,*
 578 U. S. 330 (2016) ........................................................................................... 11

*Svenson v. Google Inc.,*
 65 F. Supp. 3d 717 (N.D. Cal. 2014) ................................................................... 9

*Tavernetti v. Superior Court,*
 22 Cal. 3d 187 (1978) ........................................................................................... 5

*TransUnion LLC v. Ramirez,*
 2021 WL 2599472 (U.S. June 25, 2021) ....................................................... 10, 11

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iv

# TABLE OF AUTHORITIES

**Page**

*United States v. Eady*,
648 F. App'x 188 (3d Cir. 2016) ......................................................................... 4

*United States v. Forrester*,
512 F.3d 500 (9th Cir. 2008)................................................................................ 9

*In re Vizio, Inc., Consumer Priv. Litig.*,
238 F. Supp. 3d 1204 (C.D. Cal. 2017) (Opp. ) ................................................. 13

*Walsh v. Kindred Healthcare*,
2012 WL 13158077 (N.D. Cal. Aug. 6, 2012) .................................................... 2

*Warden v. Kahn*,
99 Cal. App. 3d 805 (1979) .............................................................................. 2, 7

*Yale v. Clicktale, Inc.*,
2021 WL 1428400 (N.D. Cal. Apr. 15, 2021) ..................................................... 2

*Yale v. Clicktale, Inc.*,
No. 20-CV-07575 ................................................................................................ 2

*Yoon v. Lululemon USA*,
Case No. 5:20-cv-02439 (C.D. Cal. July 15, 2021) ................................... *passim*

*In re Zynga Priv. Litig.*,
750 F.3d 1098 (9th Cir. 2014) ............................................................................. 9

**Statutes**

1988 Cal. Legis. Serv. ch. 111 § 4 ............................................................................ 3

Cal. Pen. Code
§ 631 ............................................................................................................. *passim*
§ 632 ................................................................................................................. 3, 8
§ 635 ........................................................................................................... 5, 10, 11
§ 637.2 ........................................................................................................... 10, 11

**Other Authorities**

N.D. Cal. Civ. L.R.
7-9(a) .................................................................................................................. 2
7-9(b) .................................................................................................................. 2

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

## I.    INTRODUCTION

Plaintiffs' Opposition ("Opposition" or "Opp.") confirms what this Court has already found:  a website operator like Noom, Inc. ("Noom") cannot and should not be held liable for using a software tool to log user activity to help improve user experience.  Users like Plaintiffs voluntarily send this information to Noom, which has the right to collect it with or without the help of third-party tools.  In their third attempt at pleading a viable claim, Plaintiffs still do not dispute that the data at issue in this case was collected solely for Noom, an intended recipient of any of the claimed CIPA user communications.  Nor do they allege that any of their logged actions were ever sold, disseminated to a third party, or used for advertising.  Also absent is any claim that Noom or its service provider FullStory, Inc. ("FullStory") caused Plaintiffs any injury whatsoever.

In its prior dismissal order ("Order"), this Court recognized that Plaintiffs' allegations do not support a claim for relief and identified the facts Plaintiffs would need to plead to survive dismissal.  Plaintiffs' Second Amended Complaint fails to cure the deficiencies outlined in that Order, and their Opposition does not even pretend to do so.  Instead, Plaintiffs attack the Court's prior application of law, arguing that it erred in finding that FullStory acted as a service provider to Noom, and thus falls within the Section 631 party exception.  In so arguing, Plaintiffs concede that the smattering of quotes they added from FullStory patents and a form contract do not plausibly claim that FullStory used any communications for an independent purpose.  Plaintiffs therefore fail to allege that FullStory was a third-party eavesdropper, and all claims must be dismissed.

Consistent with recent rulings in similar actions across the country, this Court should decline Plaintiffs' invitation to drastically expand wiretapping liability not just to service providers like FullStory and websites like Noom that use those providers, but also the plethora of other websites and tools like hosting services and storage providers.[1]  And because Plaintiffs still cannot plead a viable complaint, the Court should dismiss the complaint with prejudice.

---

[1] Opinion at 5, *Popa v. Harriet Carter Gifts, Inc.*, No. 19-00450 (W.D. Pa. June 17, 2021), ECF No. 116; Order Granting Mot. to Dismiss at 5, *Jacome v. Spirit Airlines Inc.*, No. 2021-000947-CA-01 (Fla. Miami-Dade Cnty. Ct. June 17, 2021) ("*Spirit Order*"); Order Granting Mot. to Dismiss at 4-5, *Connor v. Whirlpool Corp.*, No. 21-14180 (S.D. Fla. July 6, 2021), ECF No. 21; Order Granting Mot. to Dismiss at 4-5, *Cardoso v. Whirlpool Corp.*, No. 21-60784 (S.D. Fla. July 6, 2021), ECF No. 32.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

DEFENDANT NOOM, INC.'S REPLY
ISO MTD PLAINTIFFS' SAC
Case No. 3:20-cv-06903-LB

1    II.   **ARGUMENT**

2          A.    **All of Plaintiffs' CIPA Claims Fail.**

3                1.    **Noom Is Not Liable Under Section 631 Because FullStory Is Not a**
                       **Third-Party Wiretapper.**

4

5          In a tacit concession that their amended allegations remain deficient, Plaintiffs' leading

6    argument is that the Court erred in its prior Order.[2]  They assert that: (1) CIPA is an "all party

7    consent statute" and Plaintiffs did not consent to FullStory collecting their data for Noom;

8    (2) Plaintiffs alleged that FullStory intercepted and stored their data, which is enough to plead a

9    wiretapping claim; and (3) the Court incorrectly considered whether FullStory used the information

10   it collected for Noom for its own purposes in dismissing Plaintiffs' wiretapping claims.  Plaintiffs'

11   arguments—which are precisely the same as those this Court has already rejected—are wrong on

12   all three scores.[3]  As an afterthought, Plaintiffs contend that their few amended allegations are

13   sufficient to avoid dismissal.  They are not, and Plaintiffs' claims against Noom must fail.

14         *First*, Plaintiffs assert that, even assuming FullStory is a party to any communications, it

15   may still be held liable since "CIPA . . . is a two-party consent statute" that prohibits wiretapping

16   without the consent of all parties to a communication.  (Opp. at 1-2.)  This argument is contrary to

17   well-established case law, the plain language of the statute, and Plaintiffs' own concession that

18   parties to communications cannot be directly liable under Section 631.  (*Id.* at 5-6.)  *Warden v.*

19   *Kahn*, 99 Cal. App. 3d 805, 811 (1979) ("[S]ection 631 . . . has been held to apply only to

20   eavesdropping by a third party and not to recording by a participant to a conversation."); *In re*

21   *Facebook, Inc. Internet Tracking Litig.* (*Facebook*), 956 F.3d 589, 607 (9th Cir. 2020).  CIPA

22   addresses "three distinct and mutually independent patterns of conduct," but only "willfully

23

24   [2] Plaintiffs effectively seek reconsideration of the Court's prior Order, which is improper.  *See* N.D.
     Cal. Civ. L.R. 7-9(a) ("No party may notice a motion for reconsideration without first obtaining
25   leave of Court to file the motion."); *Walsh v. Kindred Healthcare*, 2012 WL 13158077, at *3 n.1
     (N.D. Cal. Aug. 6, 2012) (declining Plaintiffs' request that the court reconsider its prior ruling in
26   opposition to a motion to dismiss, *inter alia*, because it was in violation of L.R. 7-9(b)).
     [3] Plaintiffs rehash the same arguments from either the instant case or *Yale v. Clicktale, Inc.*, No.
27   20-CV-07575, which pled identical claims and was dismissed on identical grounds.  *Yale v.*
     *Clicktale, Inc.*, 2021 WL 1428400, at *3 (N.D. Cal. Apr. 15, 2021) ("for the reasons stated in Noom,
28   Clicktale is not a third-party eavesdropper").

2

1   attempting to learn the contents or meaning of a communication in transit over a wire" requires

2   consent.  *In re Google Assistant Priv. Litig.*, 457 F. Supp. 3d 797, 825 (N.D. Cal. 2020) (internal

3   quotation marks and citation omitted); Cal. Pen. Code ("CPC") § 631(a).  Although Plaintiffs

4   generically allege a violation of all three provisions of the statute, they do not plausibly plead that

5   FullStory ever "reads, or attempts to read, or [] learn the contents or meaning" of any

6   communications with Noom.  *Id.*  Thus, Plaintiffs have not pled sufficient facts to support their

7   argument that all parties must consent to the alleged interception.

8       *Ribas v. Clark* and *Smith v. LoanMe*, each of which Plaintiffs cited in opposing Noom's

9   prior motion to dismiss, are not to the contrary.  *Ribas* is consistent with Noom's position because

10   the defendant there was a separate party—an outsider eavesdropping on a telephone line who

11   learned and later testified to the contents of the call—and not a party to the phone call or a service

12   provider facilitating the call.  *Ribas v. Clark*, 38 Cal. 3d 355, 359-60 (1985).  *LoanMe*, meanwhile,

13   analyzed the application of the party exception under *Section 632*, which requires all parties to

14   consent when recording telephone calls and is therefore inapposite to Plaintiffs' Section 631 claims

15   against either Noom or FullStory.  *See generally Smith v. LoanMe, Inc.*, 11 Cal. 5th 183 (2021).

16       Plaintiffs also argue that FullStory is not a party to the communications because its presence

17   was not known the Plaintiffs.  (ECF No. 40 at 18.)  Not so.  The construction of Section 631 makes

18   clear that this provision criminalized the wiretapping by a third party, whose presence is unknown

19   to the participants of a communication, *and* who eavesdrops on the conversation.  *See Rogers v.*

20   *Ulrich*, 52 Cal. App. 3d 894, 899 (1975) (holding that "'[e]avesdropping' is the problem the

21   Legislature meant to deal with [in enacting Section 631]").  In enacting CIPA, the legislature

22   created an exception for "telephone communication systems," public utilities, and the use of any

23   equipment furnished pursuant to tariffs of a public utility—*i.e.*, service provider equipment.  1988

24   Cal. Legis. Serv. ch. 111 § 4 at 9 (West).  As this Court previously held, FullStory is the modern-

25   day phone company that provides service provider equipment to facilitate communications, record

26   voicemails, and otherwise utilize phone-related service; it is not a third-party eavesdropper.

27       None of Plaintiffs' other cited authorities compel a contrary result.  In *Hytto*, the

28   communication at issue occurred between two individuals:  Person A, after giving an electronic

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEFENDANT NOOM, INC.'S REPLY
ISO MTD PLAINTIFFS' SAC
Case No. 3:20-cv-06903-LB

device to Person B, could control the device using an app. *S.D. v. Hytto Ltd.*, 2019 WL 8333519, at *7-8 (N.D. Cal. May 14, 2009).  Unlike FullStory here, neither party to that communication deployed defendant Hytto to relay or collect information.  Rather, Hytto surreptitiously inserted itself into the communication and captured information for its own purposes, such as "the vibration intensity level users select using the app, and the email address of users sending and receiving commands." *Id.* at *1.  *Hytto* was therefore a third-party eavesdropper and not a service provider.

Plaintiffs' reliance on *United States v. Eady*, 648 F. App'x 188, 192 (3d Cir. 2016) and *Lopez v. Apple, Inc.*, --- F. Supp. 3d ----, 2021 WL 823122, at *8 (N.D. Cal. Feb. 10, 2021), is similarly misplaced, because neither defendant in those cases was a service provider acting on behalf of a party to the communication.  (*See* Opp. 2.)  In *Eady*, the defendant was an independent party who initiated calls between others and then eavesdropped to learn confidential information and retaliate against the callers.  648 F. App'x at 189-90.  *Apple* is similarly inapposite, as the plaintiffs there claimed Apple used Siri to surreptitiously record users' private conversations without their knowledge or consent, and contrary to its express representations.  (*See* Opp. at 2 (citing *Apple*, 2021 WL 823122, at *4).)  None of these cases support imposition of liability here.

***Second***, Plaintiffs misperceive the Court's holding by claiming that its prior dismissal "was based in part on the conclusion that there were no allegations that FullStory intercepted the data itself." (Opp. at 3.)  Plaintiffs contend this was in error because they "specifically allege that the videos of website visitors are maintained on FullStory's server, not on Noom's server where FullStory presumably would have no access to the data." *Id.*  But this Court acknowledged these allegations and found them to be deficient, stating that FullStory "provides a software service ***that captures its clients' data, hosts it on FullStory's servers***, and allows clients to analyze their data." (Order at 8 (emphasis added).)  As the Court observed, the key question is whether "FullStory intercepted and used the data itself" not whether it merely had access to that data.[4]  (Order at 8-9.)

---

[4] The sole case Plaintiffs cite in support of this argument is *Luis v. Zang*, 833 F.3d 619, 637 (6th Cir. 2016) (Opp. at 3), which is easily distinguishable.  In *Luis*, the court denied a motion to dismiss a federal wiretap possession claim where defendant marketed the "WebWatcher 'spyware'" "as a means for one spouse to illegally monitor the communications of another spouse." 833 F.3d at 623, 634.  This is far cry from a website using a service provider to analyze its own users' web traffic.

1      Plaintiffs further claim that it would be "reversible error" to find their allegations fail to

2  circumvent the Section 631 party exception rule.  (Opp. at 3.)  This argument is irreconcilable with

3  the Ninth Circuit's finding that "the party exception must be considered in the technical context."

4  *Facebook*, 956 F.3d at 607.  The only case Plaintiffs cite does not even involve CIPA and is

5  distinguishable.  *See NorthBay Healthcare Grp., Inc. v. Kaiser Found. Health Plan, Inc.*, 838 F.

6  App'x 231, 234 (9th Cir. 2020) (rejecting argument that antitrust allegations were deficiently pled).

7      **Third**, relying solely on *Revitch*, Plaintiffs argue that FullStory's use of the information it

8  collected for Noom is irrelevant in assessing wiretapping liability.[5]  (Opp. at 4.)  Not so.  The

9  "technical context" of this case is far different than in *Revitch*, where the defendant allegedly

10  scanned plaintiff's computer, deidentified him, and then used third parties to send mailers.  (Mot.

11  at 14; *Revitch v. New Moosejaw, LLC*, 2019 WL 5485330 (N.D. Cal. Oct. 23, 2019).)  No such

12  "scanning" or "targeting" is alleged here.  This Court recognized that *Revitch* is distinguishable and

13  concluded that "as a service provider, FullStory is an extension of Noom.  It provides a tool—like

14  the tape recorder in *Rogers*—that allows Noom to record and analyze its own data in aid of Noom's

15  business.  It is not a third-party eavesdropper."  (Order at 9.)  The same result must be found here.[6]

16      **Finally**, Plaintiffs wrongly contend that their amended allegations plead that FullStory was

17  a third-party eavesdropper.  To start, they claim that FullStory arguing that it falls within the party

18  exception to CIPA is a concession that it is a third-party eavesdropper.  (Opp. at 3.)  Yet FullStory

19  was merely arguing that it steps into the shoes of a party to the communication (Noom).  Likewise,

20  Plaintiffs point to a stray reference in FullStory's Partner Terms and Conditions that "FullStory is

---

21  [5] Plaintiffs' other cited authorities (Opp. at 4) are inapposite, as they either do not involve Section
22  631, *LoanMe*, 11 Cal. 5th at 200, or do not assess how service providers fit within the language of
   that provision.  *Tavernetti v. Superior Court*, 22 Cal. 3d 187, 192-93 (1978).
23  [6] Noom acknowledges that earlier today, another federal court in the Central District of California
   granted dismissal of Section 635 and constitutional claims against a session replay provider, but
24  denied dismissal as to a portion of plaintiff's Section 631(a)(i) claim.  *See Yoon v. Lululemon USA*,
   Case No. 5:20-cv-02439 (C.D. Cal. July 15, 2021).  Incorrectly distinguishing this Court's
25  reasoning in its prior dismissal order, Judge Holcomb summarily concluded that the question of
   whether the session replay provider is "a tape recorder held by [the website] . . . is a question of
26  fact for a jury, best answered after discovery into the storage mechanics of Session Replay."  *Id.* at
   10.  Judge Holcomb's broad formulation would create potential liability for any service providers
27  and criminalize the basic function of the Internet.  Here, Plaintiffs fail to allege any facts that
   FullStory "used [Noom's] data itself" for any independent purpose and is therefore anything more
28  than a modern-day tape recorder, as this Court correctly recognized they must. (Order at 9.)

1    permitted to use and disclose anonymized data for product improvement." (*Id.* at 5.)  Not only do

2    Plaintiffs fail to plead that Noom agreed to these terms, but the language of the quoted sentence is

3    permissive and does not show that FullStory actually analyzed ***any*** user communications—let alone

4    ***Plaintiffs'*** communications, in a manner similar to that alleged in *Revitch*.  Plaintiffs also refer to

5    FullStory's legal position in discovery in a different action—an unpled fact that is unpersuasive

6    and outside the SAC's four corners.[7]  (Opp. at 4.)  Accordingly, all of these allegations fail.

7    
8    
        **2.**        **Even if FullStory Was a Third-Party Wiretapper, Noom Is Not Liable for Aiding and Abetting Because It Was a Party to Any Communications.**

9           Plaintiffs again assert that, contrary to Noom's arguments, parties to communications can

10   aid and abet wiretapping of their own communications.  Plaintiffs' arguments still fail.

11          ***First***, Plaintiffs contend that Noom can be held liable as an aider or abettor based on a

12   reference to the "any person" language in Section 631.  Yet Plaintiffs' position is contrary to the

13   rule that "there is a presumption that a given term is used to mean the same thing throughout a

14   statute." *Brown v. Gardner*, 513 U.S. 115, 118 (1994).  The "any person" language on which

15   Plaintiffs rely applies to the entirety of the Section 631 provision, including the clause related to

16   direct liability.  CPC § 631(a) ("***Any person*** who [themselves wiretap] . . . or who aids, agrees with,

17   employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done

18   any of the acts or things mentioned above in this section, is punishable . . . .") (emphasis added).

19   Plaintiffs have conceded (as they must) that Noom cannot be held directly liable as a "person"

20   under Section 631, yet also argue that the very same word somehow renders Noom liable under an

21   aiding and abetting theory.  This inconsistency is fatal to their position.

22          Plaintiffs' argument is also contrary to the rule that "ambiguous penal statutes are construed

23   in favor of defendants . . . [if] two reasonable interpretations of the same provision stand in relative

24   

---

25   [7] Plaintiffs' only defense of their reliance on two random FullStory patents is that Noom's
26   arguments raise factual issues.  (Opp. at 4 n.2.)  Not so.  *See In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection HDTV Television Litig.*, 758 F. Supp. 2d 1077, 1090 (S.D. Cal. 2010) (giving no weight to patent filings in ruling on a motion to dismiss, *inter alia*, because
27   "Plaintiffs do not link any of the patent filings to the" relevant offering). (Mot. at 11.)  As Noom argued, Plaintiffs fail to tether these patents to software licensed by Noom, and their contents do
28   not suggest that FullStory acted as anything other than a service provider.  (Mot. at 4-5.)

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT NOOM, INC.'S REPLY
ISO MTD PLAINTIFFS' SAC
Case No. 3:20-cv-06903-LB

1    equipoise." *People v. Avery*, 27 Cal. 4th 49, 58 (2002) (citation omitted); *see Warden*, 99 Cal. App.

2    3d at 814, 818 n.3 (observing that as a penal statute, ambiguity in Section 631 should be interpreted

3    narrowly).   This principle should be applied here, where Plaintiffs allege no cognizable injury

4    whatsoever, yet seek the severe penalty of $5,000 per alleged CIPA violation.  (SAC ¶ 95.)  *See*

5    *People v. Vogel*, 46 Cal. 2d 798, 804 (1956) (holding that statutory construction must align with

6    "good sense and justice").  Courts in other jurisdictions have embraced application of this "Rule of

7    Lenity" in dismissing similar session replay actions brought under Florida law.  *Spirit Order* at 6

8    ("the rule of lenity demands that the Court interpret the FSCA in favor of Spirit").

9        Selectively quoting *Smith v. LoanMe*, Plaintiffs contend that the Rule of Lenity as applied

10   to CIPA is "no longer good law."  (Opp. at 6.)  Not so.  In *LoanMe*, the Court applied the exact rule

11   Noom advances here—i.e., that the Rule of Lenity applies when "two reasonable interpretations of

12   the same provision stand in relative equipoise…" 11 Cal. 5th at 202 (citation omitted).

13       **Second**, Plaintiffs rely heavily on *Revitch* and incorrectly contend that Noom's position

14   "cannot be reconciled" with case law.  (Opp. at 5.)  It is, in fact, Plaintiffs' position that is

15   unsupported by all reasoned case law.  *See Warden*, 99 Cal. App. 3d at 811 (Section 631 "appl[ies]

16   only to eavesdropping by a third party and not to recording by a participant to a conversation.")

17   (citation omitted).  *Powell* is the only reported case to carefully assess the application of Section

18   631 aiding and abetting claims to parties, and it illustrates why these claims lack merit.  *See Powell*

19   *v. Union Pac. R.R. Co.*, 864 F. Supp. 2d 949, 954-55 (E.D. Cal. 2012).

20       Plaintiffs incorrectly contend that *Powell* is "factually distinguishable" from the instant

21   case.  (Opp. at 6.)  As Noom explained in its motion, the *Powell* court determined that a Union

22   officer, a party to a call who employed the help of another Union employee to listen in on that call,

23   could not be liable under Section 631.  (Mot. at 7-8.)  Plaintiffs assert that because the two union

24   employees "were jointly conducting" an investigation, one of them could not be treated as a third

25   party.  (Opp. at 5.) This is unpersuasive.  The *Powell* court rejected the same argument Plaintiffs

26   advance here—i.e., that "a participant should be liable for aiding or conspiring with a third party to

27   enable that party to listen in on a call."  *Id.* at 954.  Further, if Plaintiffs contend that persons

28   working towards the same purpose are not separate "persons," then they must concede that

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

DEFENDANT NOOM, INC.'S REPLY
ISO MTD PLAINTIFFS' SAC
Case No. 3:20-cv-06903-LB

1    FullStory, as Noom's contractor, would not be a separate "person" under Section 631.

2           Plaintiffs instead rely primarily on *Revitch*, but as argued in Noom's Motion, that decision

3    is inapposite and wrongly decided.  Although the *Revitch* court denied a motion to dismiss Section

4    631 aiding and abetting claims against Moosejaw, its analysis is confined to a single paragraph that

5    cites no case law and provides no basis for disagreeing with *Powell*.  *Revitch*, 2019 WL 5485330, at

6    *3-4.  The *Lululemon* decision is equally unpersuasive.  While observing that "Courts disagree over

7    whether conversation participants can be liable . . . for aiding in wiretapping if they allow a third

8    party to access the communication" the *Lululemon* court simply concluded without explanation that

9    it "agrees with the Court's reasoning in [*Revitch*]."  *Yoon v. Lululemon USA*, Case No. 5:20-cv-

10   02439, at *13 (C.D. Cal. July 15, 2021).  Each decision fails to address the overwhelming weight of

11   jurisprudence laid out in *Powell* establishing that Section 631 only applies to third parties.  Thus,

12   this Court should decline to follow *Revitch* and *Lululemon* in favor of *Powell*.[8]

13          Plaintiffs also incorrectly contend that "three decisions from the California Supreme Court

14   and the Ninth Circuit" support their position.  (Opp. at 5.)  *LoanMe* is inapposite, as discussed above.

15   *See supra* section II(A)(1) (explaining that *LoanMe* examined Section 632).  And contrary to

16   Plaintiffs' claim that *Ribas* supports the application aiding and abetting liability to parties like Noom,

17   that case contains no allegations that the wife who allowed the eavesdropper to listen to the call

18   aided and abetted eavesdropping.  *See Ribas*, 38 Cal. 3d at 359.  Plaintiffs' reliance on *Facebook* is

19   similarly futile.  The defendant there—unlike Noom—allegedly installed "cookies [that] allegedly

20   continued to capture information ***after a user logged out of Facebook and visited other websites*.**"

21   *Facebook*, 956 F.3d at 596 (emphasis added).  Analogizing to cases involving defendants who were

22   not intended recipients of similar requests, the court concluded that Facebook was not entitled to

23   immunity under the party exception and could be held liable under CIPA.  *Id.* at 607.  Extending

24   *Facebook* to hold that even intended recipients of internet communications can be liable under CIPA

25   —————————————————

26   [8] Notably, Plaintiffs also fail to meaningfully distinguish *Membrila* and *Rogers*.  Nor could they,
     as both cases both cases unequivocally affirm that Section 631 only criminalize eavesdropping by
27   **third parties**.  *See Membrila v. Receivables Performance Mgmt., LLC*, 2010 WL 1407274, at *2
     (S.D. Cal. Apr. 6, 2010) (holding that Section 631 applies "only to eavesdropping by a third party");
28   *Rogers*, 52 Cal. App. 3d at 898 ("[i]t is never a secret to one party to a conversion that the other
     party is listening to the conversation").

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

DEFENDANT NOOM, INC.'S REPLY
ISO MTD PLAINTIFFS' SAC
Case No. 3:20-cv-06903-LB

would be contrary to the plain language of that decision and well-established precedent.[9]  Finally, as Noom argued in its Motion, a narrower reading of aiding and abetting liability is warranted because the federal wiretapping statute does not permit aiding and abetting liability.  (Mot. at 7-9.) Plaintiffs argue this is unpersuasive because of differences between CIPA and its federal counterpart. (Opp. at 6.)  Plaintiffs' argument rings especially hollow as they rely on cases applying the federal wiretapping statute to argue that Section 631 liability attaches here.  (Opp. at 3 (citing *Luis*, 833 F.3d at 637).)[10]  At best, their statutory interpretation arguments point to ambiguities in CIPA, and the federal statute is thus instructive.  *Facebook*, 956 F.3d at 607 ("Courts perform the same analysis for both the Wiretap Act and CIPA regarding the party exemption.").

### 3.   The Information that Noom Allegedly Intercepted Is Not Content.

Plaintiffs again contend that Noom intercepted "content" by collecting "mouse clicks" and "keystrokes."  (Opp. at 6-9.)  In so arguing, Plaintiffs concede that the majority of information allegedly collected—"the date and time of Plaintiffs' visits, their IP addresses, locations, browser types and operating systems"—is not actually content.  (Opp. 6-7.)  Plaintiffs instead focus their argument on unidentified "mouse clicks" and "keystrokes," but in fact these are "precisely the type of non-record information that courts consistently find do not constitute 'contents' under the Federal Wiretap Act or any of its state analogs because it does not convey the substance or meaning of any message."  *Spirit Order* at 8 (citing *In re Zynga Priv. Litig.*, 750 F.3d 1098, 1109 (9th Cir. 2014); *Svenson v. Google Inc.*, 65 F. Supp. 3d 717, 729 (N.D. Cal. 2014); *In re iPhone Application Litig.*, 844 F. Supp. 2d 1040, 1062 (N.D. Cal. 2012); *United States v. Forrester*, 512 F.3d 500, 510 (9th Cir. 2008)); *Lululemon USA*, Case No. 5:20-cv-02439, at *12-13 (C.D. Cal. July 15, 2021). The thinly-reasoned decision in *Aldaheff v. Experian Info. Sols., Inc.*, No. 21-00395 (C.D. Cal. 2021), which is an outlier among other Courts dismissing similar claims under the Florida

---

[9] *Facebook* is also distinguishable because Facebook allegedly collected far more expansive information than what is alleged here.  (Mot. at 14.)
[10] The remaining cases Plaintiffs cite (Opp. at 1) are also inapposite.  *Matera v. Google Inc.*, 2016 WL 5339806, at *16 (N.D. Cal. Sept. 23, 2016) explains the requirements of an affirmative defense of consent under Section 631, an argument Noom does not raise.  *People v. Windham*, 145 Cal. App. 4th 881, 889 (2006) does not involve a third-party service provider or assess whether separate consent is required under Section 631 for service providers.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

DEFENDANT NOOM, INC.'S REPLY
ISO MTD PLAINTIFFS' SAC
Case No. 3:20-cv-06903-LB

1   wiretapping statute, *see supra* n. 1, is thus unpersuasive.[11]

2   **4.    Plaintiffs Fail to Plead Statutory and Constitutional Standing in Support of Their Section 635 Claims.**

3

4   Plaintiffs do not dispute that Noom's alleged possession of FullStory's code did not cause

5   them any actual harm, and instead claim that the mere allegation of a statutory violation is sufficient

6   to confer statutory and Article III standing.  (Opp. 14-15.)  This argument fails.

7   As to statutory standing, Plaintiffs argue that Section 637.2(c), which states that "actual

8   damages" "is not a necessary prerequisite" for a CIPA claim, relieves them of any burden to plead

9   actual injury.  (Opp. at 15.)  But this argument ignores the first clause of the statute:  only persons

10  "***injured*** by a violation of this chapter may bring an action."  CPC § 637.2(a) (emphasis added).

11  Thus, Plaintiffs must plead actual damages ***or*** a non-economic injury.  The SAC pleads neither.

12  *Lululemon USA*, Case No. 5:20-cv-02439, at *17 (C.D. Cal. July 15, 2021) (holding that for similar

13  claims "§ Section 637.2 does not provide [plaintiff] with a private right of action to enforce CIPA").

14  Plaintiffs generally allege they had a "reasonable expectation that their PII, PHI, and other data

15  would remain confidential" (SAC ¶ 112), but the SAC is devoid of any allegations suggesting that

16  Noom "disseminat[ed]" or "misuse[d]" any data.  (*See* Mot. at 20-21.)  Plaintiffs also vaguely allege

17  that "session recording technologies such as FullStory's ***can*** leave users vulnerable to data leaks

18  and the harm resulting therefrom" (SAC ¶ 34 (emphasis added)), not that this harm ***actually***

19  occurred.  Indeed, Plaintiffs have not pled any "injury" from Noom's "possession" (or even use) of

20  FullStory's code.  (*Id.* ¶¶ 101, 106.)  As such, Plaintiffs' attempt to conflate "actual damages" and

21  "injury" cannot save their Section 635 claim, which must be dismissed for this reason alone.

22  Plaintiffs fare no better in arguing that they have pled Article III standing.  In *TransUnion*

23  *LLC v. Ramirez*, the Supreme Court recently held that "[o]nly those plaintiffs who have been

24  *concretely harmed* by a defendant's statutory violation may sue that private defendant over that

25  violation in federal court."  2021 WL 2599472, at *8 (U.S. June 25, 2021) (emphasis in original).

26  _____

27  [11] *Facebook* is not to the contrary.  (Opp. at 7.)  The *Facebook* court held that Facebook's "cookies [which] allegedly continued to capture information after a user logged out of Facebook and visited other websites" was capturing content.  *Facebook*, 956 F.3d at 596.  By contrast, FullStory is only

28  capturing website information from a single website, Noom.

Cooley LLP
Attorneys at Law
San Francisco

10

Defendant Noom, Inc.'s Reply
ISO MTD Plaintiffs' SAC
Case No. 3:20-cv-06903-LB

1    The Court distinguished between an "injury in law," i.e., a statutory right of action (*see* Opp. at 15),

2    and an "injury in fact," i.e., "a plaintiff's suffering concrete harm" because of a statutory violation.

3    *TransUnion*, 2021 WL 2599472, at *8.  Only the latter confers Article III standing.  *Id.* at *9, *11-

4    14 (finding that only class members who suffered an injury akin to "defamation," had Article III

5    standing).  Similarly here, possession of an alleged eavesdropping device does not allegedly result

6    in any concrete harm that bears a "close relationship" with a harm traditionally heard in American

7    courts.  *Id. at* *8; *see also Cohen v. Casper Sleep Inc.*, 2018 WL 3392877, at *5 (S.D.N.Y. July 12,

8    2018) (allowing a private right of action for possession of a device without an "injury in fact" would

9    be "constitutionally problematic"); *In re Lenovo Adware Litig.*, 2016 WL 6277245, at *7 (N.D.

10   Cal. Oct. 27, 2016) (possession of a device alone is not sufficient to justify Wiretap Act standing).

11          Plaintiffs' reliance on *Revitch* and *Ion* is misplaced.  (Opp. 14-15.)  *Ion* merely reiterates

12   the language of Section 637.2 that Plaintiff need not suffer "actual damages," but it does not excuse

13   the requirement that Plaintiff must suffer and allege an injury.  *See Ion Equip. Corp. v. Nelson*, 110

14   Cal. App. 3d 868, 882 (1980).  Similarly, the *Revitch* court concluded without explanation that

15   plaintiffs had sufficiently "alleged injuries traceable to Moosejaw's possession and use of the

16   device."  2019 WL 5485330, at *3.  Plaintiffs present no case besides *Revitch* that has ever held

17   that mere possession of a wiretapping device pursuant to Section 635 of CIPA meets this concrete

18   injury requirement.  In any event, *Ion* and *Revitch* each preceded the Supreme Court's clarification

19   that "Article III standing requires a concrete injury even in the context of a statutory violation."

20   *TransUnion*, 2021 WL 2599472, at *14 (quoting *Spokeo, Inc. v. Robins*, 578 U. S. 330, 340 (2016)).

21          Finally, Plaintiffs' proposed interpretation of Section 635 also fails because it would render

22   this provision redundant of Section 631, given that, in order to allegedly eavesdrop or wiretap, one

23   must possess the alleged eavesdropping/wiretapping device.  This violates the "cardinal rule of

24   statutory interpretation that no provision should be construed to be entirely redundant."  *Republic*

25   *of Ecuador v. Mackay*, 742 F.3d 860, 864 (9th Cir. 2014) (citation omitted).

26          **5.     Plaintiffs Fail to Plead that FullStory's Technology Is a Device**
              **"Primarily or Exclusively Designed or Intended for Eavesdropping."**
27

28   While Plaintiffs claim to have adequately pled this element, their only example of a case

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

DEFENDANT NOOM, INC.'S REPLY
ISO MTD PLAINTIFFS' SAC
Case No. 3:20-cv-06903-LB

1   that has held a device was "primarily or exclusively designed or intended for eavesdropping" is

2   distinguishable.    (Opp. at 15.)    Defendants in *Luis v. Zang* manufactured and deployed

3   "WebWatcher 'spyware'" "as a means for one spouse to illegally monitor the communications of

4   another spouse." 833 F.3d at 623, 634.  Meanwhile, Plaintiffs' own description of FullStory is as

5   a "Software as a service" provider to analyze web traffic on Noom's behalf.  (SAC ¶ 12.)  To agree

6   with Plaintiffs would mean any web analytics tools devices are "primarily or exclusively" designed

7   for eavesdropping despite no evidence of intent for secret listening, as the plain language of the

8   statute requires.    (Mot. at 15-16.)    None of Plaintiffs' cases support such an expansive

9   interpretation. *See Lululemon USA*, Case No. 5:20-cv-02439, at *16 (C.D. Cal. July 15, 2021)

10  (noting that plaintiff's reliance on *Luis* "strains the language of [the statute] too far").

### B.    Plaintiffs Fail to Allege an Invasion of Privacy.

12      Plaintiffs do not dispute that ***Noom*** was entitled to receive the information they voluntarily

13  provided, and instead contend that Noom induced a violation of their right to privacy by permitting

14  FullStory to collect this information on its behalf.  (Opp. at 16-20.)  Plaintiffs neither cite a single

15  case supporting their novel theory nor allege any injury from Noom's alleged collection of their

16  browsing information.  This is not a violation of their privacy rights "so serious in nature, scope,

17  and actual or potential impact as to constitute an egregious breach of the social norms." *Hernandez*

18  *v. Hillsides, Inc.*, 47 Cal. 4th 272, 287 (2009) (internal quotation marks and citation omitted).

### 1.    Plaintiffs Do Not Have a Legally Protected Privacy Interest.

20      Plaintiffs' allegations have failed to establish either of the two classes of legally protected

21  privacy interests—"autonomy privacy or information privacy."   In fact, Plaintiffs eschew

22  addressing either of these standards in their Opposition, which alone warrants dismissal.  *See*

23  *Scognamillo v. Credit Suisse First Boston LLC*, 2005 WL 2045807, at *12 (N.D. Cal. Aug. 25,

24  2005) (holding that failure to oppose defendants' arguments is "tantamount to a concession").

25      Instead, Plaintiffs simply claim that they submitted unspecified "medical" information to

26  Noom without describing what that information was or how its disclosure to a service provider

27  violated a protected privacy interest—presumably because they cannot. (Mot. at 20-21.)  Even

28  private medical information can be shared with unknown third parties who use the data for their

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12

DEFENDANT NOOM, INC.'S REPLY
ISO MTD PLAINTIFFS' SAC
Case No. 3:20-cv-06903-LB

own purpose if that information is de-identified.  *London v. New Albertson's, Inc.*, 2008 WL 4492642, at *8 (S.D. Cal. Sept. 30, 2008) (dismissing California Const. Art. I. Sec. 1 claim). Moreover, Plaintiffs generally claim that they "had no desire or intent" to have a service provider help Noom process the data Plaintiffs willfully provided (Opp. at 17), yet offer no authority that would support their bid to extend California privacy law to information voluntarily disclosed to a website (or collected on the website's behalf).  *See In re Google Location Hist. Litig.*, 428 F. Supp. 3d at 198 (dismissing informational privacy claims where (as here) defendants "only tracked and collected data during use of [defendant's] services.");[12] *In re Google, Inc. Priv. Pol'y Litig.*, 58 F. Supp. 3d 968, 988 (N.D. Cal. 2014) (dismissing informational privacy claims based on commingling of user data across Google products and disclosing that data to app developers).[13]

Additionally, while Plaintiffs acknowledge that their privacy claims must involve information that was "disseminated or misused" (Opp. at 16-17), the SAC lacks any such allegations.  (SAC ¶¶ 4, 5.)  Plaintiffs argue that they have pled "dissemination" because their data was shared with Noom's service provider—yet tellingly point to no allegations that show their information was used or analyzed in any fashion.  *Id.*  This is not "dissemination."  (Mot. at 21.)

### 2.    Plaintiffs Do Not Have a Reasonable Expectation of Privacy.

Plaintiffs claim that Noom violated their subjective expectation by sharing the information they voluntarily disclosed to Noom with one of Noom's service providers.  (Opp. at 17-18.) Plaintiffs' only authority is inapposite.  In *Facebook*, Facebook was not the intended recipient of GET requests between plaintiffs and other websites and used the data to create its own "cradle-to-grave" profiles.  956 F.3d at 599, 603.  After finding that Facebook was not a party to the communications, the court held that plaintiffs alleged a reasonable expectation of privacy based on

---

[12] Plaintiffs argue that *In re Google Location Hist. Litig.* is distinguishable because only Google collected the data in question, ignoring that the invasion of privacy was much more significant than what is pled here.  *In re Google Location Hist. Litig.*, 428 F. Supp. 3d 185, 197 (N.D. Cal. 2019) ("Google not only tracked Plaintiffs *continuously* in their cars, but also in every other aspect of their lives.") (emphasis in original).

[13] *In re Vizio, Inc., Consumer Priv. Litig.*, 238 F. Supp. 3d 1204, 1232 (C.D. Cal. 2017) (Opp. at 16-17) is distinguishable as the Court held that plaintiffs plausibly alleged invasion of privacy based on the defendants "collect[ion] [of] an exceptionally vast array of information about [plaintiffs'] digital identities and [video] viewing histories" including where customers believed they have opted out of such practices.  *Id.* at 1233.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

13

DEFENDANT NOOM, INC.'S REPLY
ISO MTD PLAINTIFFS' SAC
Case No. 3:20-cv-06903-LB

1   Facebook's representations, which "set an expectation that logged-out user data would not be

2   collected, but then collected it anyway." *Id.* at 602.  Here, by contrast, Noom explicitly disclosed

3   to Plaintiffs in its privacy policy that data regarding their interactions with the website may be

4   collected by Noom ***and by Noom's service providers***.[14]  (ECF No. 35 at 14-15 (FullStory's Mot.).)

5      Plaintiffs' expectation of privacy must be based on "an objective entitlement founded on

6   broadly based and widely accepted community norms." *Hill v. Nat'l Collegiate Athletic Ass'n*, 7

7   Cal. 4th 1, 37 (1994).  Plaintiffs' subjective and unreasonable suspicion that Noom would contradict

8   its own privacy policy and withhold data from its service providers does not meet this standard.[15]

9               **3.    Noom's Conduct Is Not Highly Offensive to a Reasonable Person.**

10     Noom's conduct is also not "highly offensive."  Plaintiffs' Opposition offers two equally

11  flawed contentions:  (1) that the question of whether Noom's conduct would be highly offensive to

12  a reasonably person presents factual issues that cannot be decided on a motion to dismiss (Opp. at

13  18-19); and (2) the Court should ignore California Court of Appeals precedent that routine

14  commercial collection of information is not highly offensive.  (Opp. at 19-20).

15     To start, Plaintiffs incorrectly contend that the question of whether Noom's "conduct [is]

16  sufficiently offensive raises a question of fact."  (Opp. at 19.)  Courts routinely dismiss privacy

17  claims based on far more egregious facts because the alleged misconduct must meet an

18  "extraordinarily high bar."  *In re Google Android Consumer Priv. Litig.*, 2013 WL 1283236, at

19  *10-11 (N.D. Cal. Mar. 26, 2013).  The handful of courts that have denied dismissal of such claims

20  have done so on facts that are readily distinguishable—*i.e.*, using cell phone GPS data to

21  "continually . . . log [] precisely where [plaintiffs] live, work, park, dine, pick up children from

22  school, worship, vote, and assemble" and then sell that data, *Goodman v. HTC Am., Inc.*, 2012 WL

23  2412070, at *14 (W.D. Wash. June 26, 2012) (internal quotation marks omitted); or contradicting

24  prior representations to users by "collect[ing] and stor[ing] users' location data even when their

[14] *See*  https://web.noom.com/terms-and-conditions-of-use/noom-privacy-policy (last modified Dec. 17, 2018).

[15] Plaintiffs contend that Internet users' awareness that websites use service providers presents a factual issue that cannot be decided on a motion to dismiss.  (Opp. at 18.)  Yet if, like here, the "material facts show no reasonable expectation of privacy or an insubstantial impact on privacy interests, the question of invasion may be adjudicated as a matter of law." *Hill*, 7 Cal. 4th at 40.

Cooley LLP
Attorneys at Law
San Francisco

14

Defendant Noom, Inc.'s Reply
ISO MTD Plaintiffs' SAC
Case No. 3:20-cv-06903-LB

Location History was set to off." *In re Google Location Hist. Litig.*, --- F.Supp.3d ----, 2021 WL 519380, at *1 (N.D. Cal. Jan. 25, 2021). No such facts are pled here.

Further, *Fogelstrom* is not distinguishable, as Plaintiffs contend. (Opp. at 19-20.) *Fogelstrom* involved surreptitious collection of information used to identify home addresses, and "individuals have a substantial interest in the privacy of their home." *Fogelstrom v. Lamps Plus, Inc.*, 195 Cal. App. 4th 986, 990 (2011). As here, the court in *Fogelstrom* dismissed privacy claims because plaintiffs did not allege that information was used "for an offensive or improper purpose" rather than for "routine commercial behavior." *Id.* at 992-93.

Plaintiffs invite the Court to ignore the California appellate court in *Fogelstrom* and instead apply *Opperman*. (Opp. at 19-20.) *Opperman v. Path, Inc.*, 87 F. Supp. 3d 1018 (N.D. Cal. 2014); *Opperman v. Path, Inc.*, 205 F. Supp. 3d 1064, 1079 (N.D. Cal. 2016). Those decisions are inapposite. The *Opperman* plaintiffs alleged that defendants copied users' entire iPhone address book without their consent. *Opperman*, 87 F. Supp. 3d at 1032-33. By contrast here, ***all*** of the information Plaintiffs alleged was collected by FullStory was provided voluntarily to Noom. Further, Judge Tigar acknowledged *Opperman* to be a novel interpretation of the case law, which generally finds commercial collection of customer data is not highly offensive. *See Opperman*, 205 F. Supp. 3d at 1077-78 (N.D. Cal. 2016) (listing contrasting decisions).

## C.    Plaintiff Moise Fails to Plead Injunctive Relief

Plaintiff Moise argues she has standing to pursue this claim because she "was interested in using Noom's weight loss program" and that she "would be willing to use Noom's program" under certain circumstances. (SAC ¶ 96.) A willingness to do something does not demonstrate imminent likelihood to suffer future injury as required by *City of L.A. v. Lyons*, 461 U.S. 95, 111 (1983). In fact, it is not clear that Plaintiff Moise ***ever*** desired to use Noom's website as she claims to have never signed up for Noom's services. (SAC ¶ 5.) On this basis, Plaintiff Moise's only authority is distinguishable. *See Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 970-71 (9th Cir. 2018) (denying dismissal based on a clearly expressed desire to purchase the impacted product again).

## III.    CONCLUSION

For these reasons, this Court should grant the Motion and dismiss all claims with prejudice.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

15

DEFENDANT NOOM, INC.'S REPLY
ISO MTD PLAINTIFFS' SAC
Case No. 3:20-cv-06903-LB

1    Dated:  July 15, 2021                                    COOLEY LLLP

2

3                                                             By: /s/   Michael G. Rhodes
                                                                   Michael G. Rhodes
4
                                                              Attorney for Defendant
5                                                             Noom, Inc.

6

7

8

9    253200949

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT NOOM, INC.'S REPLY
ISO MTD PLAINTIFFS' SAC
Case No. 3:20-cv-06903-LB