UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| AUDRA GRAHAM, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>NOOM, INC., et al.,<br><br>　　　　　Defendants. | Case No. 20-cv-06903-LB<br><br>**ORDER GRANTING MOTIONS TO DISMISS**<br><br>Re: ECF Nos. 63 & 64 |

## INTRODUCTION

Noom is a web application that helps its users lose weight and lead healthy lifestyles. It uses FullStory's software to see what visitors to its website are doing.[1] The plaintiffs — on behalf of a putative California class — claim that this is an illegal wiretap and a violation of their right to privacy under state law.[2] The court previously dismissed the case primarily because the plaintiffs did not plausibly plead wiretapping. The amended complaint does not cure the previous complaint's deficiencies. The court thus grants Noom's and FullStory's motions to dismiss.

---

[1] Second Am. Compl. (SAC) – ECF No. 58 at 2, 5–8 (¶¶ 1, 18–28). Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id.* at 19–26 (¶¶ 74–116).

ORDER – No. 20-cv-06903-LB

**STATEMENT**

The previous dismissal order summarized the allegations about the alleged wiretapping.[3] The main allegations in the current complaint have not changed. In short, Noom uses FullStory's "session replay" software to watch what its users are doing. The current complaint adds allegations about how FullStory accesses and analyzes data for its clients (such as indexing it for the client's use and showing a user's purchase history).[4]

The previous order found no specific jurisdiction over FullStory, a Georgia-based company incorporated in Delaware.[5] The current complaint adds jurisdictional allegations: Noom advertises its services in California, and FullStory "wiretaps geolocation information."[6]

All parties consented to magistrate jurisdiction under 28 U.S.C. § 636. The court has subject-matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d).[7] The court held a hearing on August 12, 2021.

**ANALYSIS**

The parties' arguments are unchanged. The defendants contend that there is no wiretapping.[8] The plaintiffs counter that there is wiretapping and that the court erred previously by concluding that as a vendor, FullStory was not a third-party wiretapper.[9] The plaintiffs misunderstand the order. FullStory is not a third-party wiretapper because it is not an outsider and instead is a software vendor that provides a service that allows Noom to analyze its own data.[10] The plaintiffs do not state a claim for wiretapping (or invasion of privacy based on the wiretapping) for the

---

[3] Order – ECF No. 51 at 2–3. This order incorporates the earlier order's summary and legal standards by this reference.

[4] SAC – ECF No. 58 at 11–13 (¶¶ 41–49).

[5] Order – ECF No. 51 at 14–16.

[6] SAC – ECF No. 58 at 4–5 (¶¶ 9, 16).

[7] *Id.* at 4 (¶ 14); Consents – ECF Nos. 6, 16, 24.

[8] Mots. – ECF No. 63 at 9–12 & ECF No. 64 at 17–22.

[9] Opp'n – ECF No. 67 at 9–13.

[10] Order – ECF No. 51 at 8–9.

reasons in the court's earlier order.[11] The new allegations — illuminating the functionalities of the software — do not change this conclusion.

The plaintiffs also lack standing for the claim under California's Invasion of Privacy Act for the reasons in the court's earlier order: there is no wiretapping, there thus is no injury that creates a private right of action under the statute, and there is no injury in fact that conveys Article III standing.[12] Cal. Penal Code § 637.2(a).

There is no personal jurisdiction over FullStory either for the reasons in the court's previous order. FullStory is a Georgia-based vendor incorporated in Delaware that sold a product to Noom. The basis for specific personal jurisdiction remains wiretapping. If there were wiretapping, then there would be personal jurisdiction. But there is no wiretapping.[13]

## CONCLUSION

The court dismisses the complaint with prejudice because the plaintiffs did not cure the earlier complaint's deficiencies. This disposes of ECF Nos. 63 and 64.

**IT IS SO ORDERED.**

Dated: August 13, 2021

LAUREL BEELER
United States Magistrate Judge

---

[11] *Id.* at 6–16.

[12] Mots. – ECF No. 63 at 14–15 & ECF No. 64 at 24–25; Order – ECF No. 51 at 12.

[13] Order – ECF No. 51 at 15–16.